ELLIS v. CHAPMAN. (No. 6156.)

(Supreme Court, Appellate Division, First Department. December 18, 1914.)

TRUSTS (§ 151*) — CONSTRUCTION — INCOME FROM TRUST FUND — "DUE AND OWING."

Under Code Civ. Proc. § 1391, providing that where judgment has been recovered and execution returned unsatisfied, and where any income from a trust fund is due and owing to the judgment debtor in the amount of $12 or more per week, the creditor may apply for and obtain an execution against such income, a debtor to whom property was given in trust for life to apply the income to the support and maintenance of himself and his children, on condition that, should any other person devise property in trust to apply the income to the support of the debtor, it should be first applied to his support and to the support of his children, and that if the income, together with the income of any other property given in trust, should be more than sufficient for his support, the remainder · should go to certain other persons, had no income "due and owing" which the creditor could reach by execution.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 195, 195½, 197; Dec. Dig. § 151.*

For other definitions, see Words and Phrases, First and Second Series, Due and Owing.]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Louise Ellis, as executrix of Jane Compton, deceased, against Hawley Chapman. From an order denying a motion for leave to issue execution against the income from a trust fund, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Thomas W. Constable, of New York City, for appellant.

INGRAHAM, P. J. The facts are stated in the opinion of my Brother LAUGHLIN, and it is not necessary that I should restate them. Section 1391 of the Code of Civil Procedure, upon which this application is based, provides that where a judgment has been recovered,

and an execution issued upon said judgment has been returned wholly or partly unsatisfied, "and where any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become due and owing to him, to the amount of twelve dollars or more per week, the judgment creditor may apply to the court in which said judgment was recovered or the court having jurisdiction of the same without notice to the judgment debtor and upon satisfactory proof of such facts by affidavits or otherwise," the court must grant· an order directing that an execution issue against "the wages, debts, earnings, salary, income from trust funds or profits of said judgment debtor." The question presented is whether there was any income from trust funds due and owing "to the judgment debtor or which may hereafter become due or owing" to him.

It is claimed by the appellant that there was due or owing to this judgment debtor a certain income under two trust funds, one created by the will of Julia A. Chapman and the other created by the will of Louisa W. Chapman. By the will of Julia A. Chapman the sum of $6,000 was bequeathed to a trustee during the life of the judgment debtor, the income to be applied to the support, maintenance, and use of the judgment· debtor free from the claim of any assignee, creditor, or wife of the judgment debtor. The income on this sum at 5 per centum would be $300 a year, about $25 a month, and thus less than $12 a week. By the will of Louisa W. Chapman she devised and bequeathed her property to the Title Guarantee & Trust Company in trust for the life of the judgment debtor, to apply the income and profits thereof to his support and maintenance and to the support and maintenance of any children of his. It was further provided that, in case any other person should give, devise, and bequeath any property in trust to apply the interest or income to the support or maintenance of the judgment debtor, then such interest and income is to be first applied to his support and maintenance, and whatever sum is needed for his liberal support and maintenance and the support and maintenance of any children he may have the trustee was directed to provide out of the rent, interest, income, and profits of the property given in trust, and in case such rent, interest, income, and profits, together with the interest and income of any property given or bequeathed by any other person for the judgment debtor's support and maintenance, shall be more than sufficient for his liberal support and maintenance after deducting all necessary and proper charges and expenses, the testatrix gave the remainder of such rent, interest, income, and profits to those persons who would be the heirs at law of one George W. Chapman in the same· proportion that they would inherit from him under the laws of the· state of New York.

The testimony of the trustee shows that there was received by the Trust Company for the year from October, 1912, to October, 1913, as income from the property devised under the will of Louisa W. Chapman the sum of $2,163.57, and that during the preceding years the Trust Company had expended for the support and maintenance of the defendant at a sanitorium about $1,200 a year. In this case this testatrix, instead of giving any property or income to the judgment debtor,

undertook to make provision for his support by a trustee appointed by her for that purpose. Under that will, as I read it, the defendant himself was not entitled to any of the rents, income, or profits of the trust estate. The trustee was to receive the rents, income, and profits, and itself apply it to the support of the judgment debtor, and whatever was not needed for his support the trustee was directed to pay over to other persons. There was certainly no income of a trust fund "due and owing" to the judgment debtor, or which under this trust ever could become "due and owing" to him. The property belonged to the testatrix. She had power to apply it to such use as she desired, and neither the state nor the creditors of the judgment debtor could appropriate that property to their own use. She provided that the trustee should supply the judgment debtor with support and maintenance, and whatever income of the trust fund was in excess of the sum necessary to discharge the cost of the support of the judgment debtor that she had directed the trustee to supply was to be paid to the persons to whom the surplus income was to belong.

If we adopt the conclusion of my Brother LAUGHLIN, the situation would be that after the trustee had applied $1,000 a year to the support of the judgment debtor, paying it to the persons furnishing such support and not to the judgment debtor, the creditors were authorized to have 10 per cent. of that sum applied to the payment of this judgment. The trustee would then have to make that good by paying out of the remaining income the bills that it had incurred for the support of the judgment debtor, and such additional payment would come, not out of any money or property belonging to the judgment debtor, but from the surplus income, which under the will belonged to third parties to whom the testatrix had directed it to be paid. Thus the result would be that the creditor would be paid, not out of property that belonged to the judgment debtor, but out of income that belonged to other persons who were the objects of the testatrix's bounty. However desirable it may be that debtors should be compelled to pay their debts, it has not been the policy of the law to compel third persons who are not responsible for such indebtedness to pay it out of their own property. Certainly under this will of Louisa W. Chapman there was no income due and owing to the judgment debtor, and the income from the will of Julia A. Chapman was less than $12 a week, and to that the creditor was not entitled.

I think, therefore, the court below was right in denying the application, and the order appealed from should be affirmed, with $10 costs and disbursements.

McLAUGHLIN and SCOTT, JJ., concur. CLARKE, J., concurs in result.

LAUGHLIN, J (dissenting). The plaintiff on the 7th day of March, 1914, recovered a judgment in this action against the defendant for the sum of $2,216.19, upon which execution was issued and returned wholly unsatisfied. On proceedings supplementary to execution on a judgment, of which the present judgment is a renewal, it was shown by the examination of the acting trust officer of the Title

Guarantee & Trust Company, which examination was concluded on the 28th day of November, 1913: That said Trust Company was trustee under the wills of Louisa W. Chapman and Julia A. Chapman. That the provision of the will of Louisa W. Chapman with respect to the trust for the benefit of the defendant, so far as material to the question presented for decision, after devising all her property to said Trust Company in trust for the life of the defendant, to apply the income and profits thereof to the support and maintenance of defendant and any children of his, was as follows:

"In case any other person shall give, devise and bequeath any property in trust to apply the interest and income to the support and maintenance of said Hawley Chapman, then I will and direct that such interest and income be first applied to his support and maintenance, and whatever more is needed for his liberal support and maintenance and the support and maintenance of any children he may have, I will and direct said trustee to provide out of the rents, interest, income and profits of the property hereby given, devised and bequeathed in trust, and in case the rents, interest, income and profits of the property hereby given, devised and bequeathed in trust together with the interest and income of any property given, devised and bequeathed by any other person for said Hawley Chapman's support and maintenance shall be more than sufficient for his liberal support and maintenance, after deducting all necessary and proper charges and expenses, then I give, devise and bequeath all that may remain of such rents, interest, income and profits after providing for such liberal support and maintenance to those persons who would be the heirs of George M. Chapman, deceased, in case he had not died before me, but should have died at the same time with me and in the same proportions that they would inherit from him under the laws of the State of New York."

And that the provision of the will of Julia A. Chapman, who died after the death of Louisa W. Chapman, with respect to defendant, is as follows:

"I give and bequeath to the Title Guarantee & Trust Company  *  *  * the sum of Six thousand dollars during the life of Hawley Chapman, in trust, to invest the same on good security at interest and apply said interest *  *  * to the support, maintenance and use of Hawley Chapman  *  *  * and free from the claim of any assignee or creditor or wife of the said Hawley Chapman."

The testimony of said trust officer further shows income received by the Trust Company for the year from October, 1912, to October, 1913, applicable to the provision of the will of Louisa W. Chapman, in favor of the defendant, amounting to the sum of $2,163.57; and that during the two years preceding the date of his examination the Trust Company expended for the support and maintenance of the defendant at a sanitarium at least $1,200 per year.

The material provisions of said section 1391 of the Code of Civil Procedure, authorizing the issuance of an execution against income due and owing, or to become due and owing, to a judgment debtor from a trust fund, are as follows:

"Where a judgment has been recovered, and where an execution issued upon said judgment has been returned wholly or partly unsatisfied, and where any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become due and owing to him, to the amount of twelve dollars or more per week,  *  *  * the judgment creditor may apply to the court in which said judgment was recovered or the court having jurisdiction of the same without notice to the judgment debtor and upon satisfactory proof of such facts by affidavits or

otherwise, the court, if a court not of record, a judge or justice thereof, must issue, or if a court of record, a judge or justice, must grant an order directing that an execution issue against the wages, debts, earnings, salary, income from trust funds or profits of said judgment debtor, and on presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing, or may thereafter become due and owing ,to the judgment debtor, said execution shall become a lien and a continuing levy upon the wages, earnings, debt, salary, income from trust funds or profits due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof. ⁕ ⁕ ⁕ It shall be the duty of any person or corporation, municipal or otherwise, to whom said execution shall be presented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the future, and while said execution shall remain a lien upon said indebtedness to pay over to the officer presenting the same, such amount of such indebtedness as such execution shall prescribe until said execution shall be wholly satisfied and such payment shall be a bar to any action therefor by any such judgment debtor. If such person or corporation, municipal or otherwise, to whom said execution shall be presented shall fail, or refuse to pay over to said officer presenting said execution, the percentage of said indebtedness, he shall be liable to an action therefor by the judgment creditor named in such execution, and the amount so recovered by such judgment creditor shall be applied towards the payment of said execution. ⁕ ⁕ ⁕ ”

These provisions were enacted in substantially the present form by chapter 148 of the Laws of 1908, which took effect on the 1st day of September, 1908. The section expressly provides that no notice of the application need be given to the judgment debtor, and it does not expressly require notice even to the trustee; but this court has held that the trustee is entitled to notice. Sloane v. Tiffany, 103 App. Div. 540, 93 N. Y. Supp. 149; King v. Irving, 103 App. Div. 420, 92 N. Y. Supp. 1094. Notice was duly given to the trustee, and the record shows that an answering affidavit was submitted in opposition to the motion.

It was held in Howard v. Leonard, 3 App. Div. 277, 38 N. Y. Supp. 363, which was an action in equity to reach the surplus income of a judgment debtor under a trust fund, beyond the amount necessary for the proper maintenance of the beneficiary and those legally dependent upon her, pursuant to the provisions of the Revised Statutes (now section 98, Real Property Law; chapter 50, Consolidated Laws; Laws 1909, c. 52), that it was not incumbent on the plaintiff to show that a surplus of income existed at the time the action was commenced, and that the court might determine the proper amount to be allowed for the support and maintenance of the beneficiary and those legally dependent upon her, and decree that any income there might be over and above that amount should be subject to the payment of the judgment. I am of opinion, therefore, that it should not be held that it is incumbent on the judgment creditor, in an application for leave to issue execution under this section, to show precisely the amount which the beneficiary, the judgment debtor, will become entitled to receive.

Presumably the theory upon which the motion was denied is that it does not appear that the judgment debtor is entitled to receive a particular amount of income. It was shown that he had been receiv-

ing for two years an amount of income sufficient to render the provisions of this section applicable; and it was fairly shown that the income applicable to his support in the future will probably amount to more than $12 per week. It may be said, however, that a specific amount or interest is not given to him, and that the trustee is vested with discretion with respect to the amount to be appropriated for his support and maintenance. If that be a sufficient answer to the motion, then the purpose of the Legislature in enacting the provisions of the section may be readily thwarted by incorporating in all wills for the support and maintenance of beneficiaries a provision vesting the executor or trustee with like discretion, instead of giving a definite part of the income to the beneficiary.

Prior to the amendment of this section of the Code in 1903 (chapter 461, Laws 1903), authorizing an execution against income, the Legislature had authorized a suit in equity to reach the surplus income over and above the amount that should be found necessary by the court for the support and maintenance of the beneficiary; and pursuant to the provisions of that statute the courts exercised jurisdiction and appropriated the surplus income of a beneficiary over and above the amount which was found by the court to be necessary for his support and maintenance to the payment of his just creditors. Brearley School v. Ward, 201 N. Y. 358, 94 N. E. 1001, 40 L. R. A. (N. S.) 1215, Ann. Cas. 1912B, 251. The object of the Legislature, in authorizing an execution against income of a trust, therefore, would seem to be, and it has been held to be, to extend the law in favor of judgment creditors, so as to reach a percentage of the income which might be necessary for the support and maintenance of the beneficiary. Brearley School v. Ward, supra. The provisions of the section are clearly applicable to any judgment debtor receiving wages in excess of $12 per week, no matter how large his family, and even though all of his wages are necessary to the support and maintenance of himself and family and would not be sufficient therefor. The Legislature, therefore, plainly intended that those owing debts evidenced by judgments should contribute a percentage from their earnings or income, where the same exceeds the amount specified in the statute, toward discharging such obligations to their creditors.

The authority of the Legislature to reach such wages or income, and to reach income from trust funds, for the benefit of a judgment creditor, even though the trust was created prior to the enactment of the statute, has been fully sustained by the court of last resort. Brearley School v. Ward, supra. The Legislature, I think, plainly intended that every judgment debtor enjoying an income in excess of $12 per week. should be subject to the provisions of this section. It is immaterial that the precise amount of the income is not specified in the trust, or that discretion is vested in the trustee with respect thereto. The Legislature contemplated, I think, that where it is shown that the judgment debtor is in receipt of an income in excess of the amount specified, an execution should be issued, and that it should be a lien upon 10 per cent. of the amount of income received by or appropriated to the use of the beneficiary, provided the amount so re-

ceived or appropriated is in excess of $12 per week. The section does not contemplate any binding determination in advance with respect to whether or not the income is in excess of the amount specified in the statute. It merely authorizes the issuance of an execution against the income, and contemplates that the same shall be a lien upon it to the extent stated, and that, if the trustee fails or refuses to pay it over voluntarily, a suit may be brought to enforce it, and in that suit the trustee may interpose any proper defense.

In Raymond v. Tiffany, 140 App. Div. 909, 125 N. Y. Supp. 1141, this court affirmed a judgment dismissing the complaint in a suit in equity, brought under the statute to which reference has been made, to reach a surplus of income of a trust fund upon the ground that by the particular terms of the trust then before the court the beneficiary had no absolute right to receive any income, and therefore the plaintiff could not sustain the burden of showing that the judgment debtor was entitled to receive *more* income than sufficient for his support. That decision, however, is not applicable to the facts in this case, for here the beneficiary is entitled as matter of right to receive an amount sufficient for his liberal support and maintenance, provided there be sufficient income therefor applicable thereto.

In the case at bar, therefore, I am of opinion that the duty devolves on the trustee in the first instance to determine what amount will be sufficient for the liberal support and maintenance of the beneficiary out of the income on hand applicable thereto, and if this amount shall be in excess of the amount specified in the statute, it is his duty to apply 10 per cent. thereof to the satisfaction of the execution; and the same will be true with respect to any amount the trustee may by order of the court, at the instance of the beneficiary, be required to appropriate for his support and maintenance. In the circumstances, the denial in the affidavit made by the trust officer of the Trust Company, read in opposition to the motion, that there is any amount due and owing, or to become due and owing, to the beneficiary under the trusts, must be regarded as a conclusion of law, and as not overcoming the facts shown by the moving papers.

I am therefore of opinion that the order should be reversed, with $10 costs and disbursements, and the motion granted, without costs.