STATE TAX COMMISSION, Judgment Creditor, Petitioner, *v.* CATHERINE T. BRADLEY, Judgment Debtor, Respondent. FRANCIS P. BRADLEY, Trustee, Respondent.

Supreme Court, Special Term, New York County, July 27, 1945.

*Mortimer M. Kassel* for judgment creditor.

*Knox & Dooling* for judgment debtor and trustee.

BENVENGA, J. This is an application for an order directing that execution issue against income from trust funds.

It is not disputed that the judgment debtor resides in Pennsylvania. She neither resides nor is employed in this State; but is indebted to the People of the State of New York (State Tax Commission) for personal income taxes. The Tax Commissioner, pursuant to section 380 of the Tax Law has issued a warrant to the Sheriff of the County of New York and has caused a copy thereof to be filed in the Office of the Clerk of the County of New York. The warrant, which has the force and effect of a judgment and an execution, has been returned unsatisfied. There is due and owing to the judgment debtor income from a trust fund of more than $15 per week. The question is whether an execution may issue against this income.

Section 684 of the Civil Practice Act, so far as material, provides that, where an execution against property has been returned wholly or partly unsatisfied, " and where any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor * * * to the amount of *fifteen* dollars or more per week, *if the judgment debtor either resides or is employed in a city with a population of two hundred and fifty thousand or more, and to the amount of twelve dollars per week in any other case*, the judgment creditor may apply * * * [for] an order directing that an execution issue against * * * [such] wages ", etc. (Italics supplied.)

It is contended that, as the judgment debtor neither resides nor is employed in a city with a population of 250,000 or more, execution may not issue. The argument is based upon the italicized portion of section 684 (added L. 1941, ch. 865).

Prior to the 1941 amendment, it was immaterial whether the judgment debtor resided or was employed in this State. If the situs of the wages, etc., or the *res* was in the State of New York, execution might issue (see *Morris Plan Co.* v. *Miller*, 102 Misc. 470, per SEARS, J.), and the execution became a lien and a continuing levy upon 10% of the wages, etc., provided they amounted to $12 or more per week (see Carmody's Manual of New York Practice [1938 ed.], §§ 731–733).

Read in the light of the history of section 684 and the policy of the law to assist the judgment creditor to collect the amount of his judgment, it would seem that the purpose of the amend-

ment was not to make enforcement more difficult, nor to give any undue advantage to a nonresident debtor over a resident creditor, but merely to increase the exemption to the amount of $15 a week where the judgment debtor resided or was employed in a city with a population of 250,000 or more, presumably because of the higher cost of living therein, and to leave untouched the law " in any other case ". Accordingly, if, as heretofore, a nonresident judgment debtor is entitled to wages, etc., of $12 or more per week, and the situs of the wages, etc., or the *res* is within the jurisdiction of the court, then execution may issue.

The motion is granted. Settle order on or before July 31, 1945.