Edward S. Silver, S.
This is a proceeding to judicially settle the final account of petitioner who was appointed in 1957 as successor trustee of the testimentary trust herein set up in 1939. Incidental thereto the court is required to determine the disposition of a portion of the trust income accounted for, which petitioner has set up as a reserve in the sum of $633.06 *895 pending such determination. The fund represents 10% of the total income payable to the life beneficiary during the accounting period of about eight years. It is claimed by the Sheriff of the City of New York on behalf of the estate of a judgment creditor of the life beneficiary, who are respondents herein, on the basis of a 1939 garnishee order, execution and levy against the trust income pursuant to section 684 of the Civil Practice Act, now CPLR 5231. Incidentally, notice should be taken of the changes in technical terminology wherein “income execution” in CPLR 5231 takes the place of “garnishee execution ” under section 684 of the Civil Practice Act, and the term “ garnishee ” is the term applied to the person who owes money to, or has property of a judgment debtor (CPLR 105, subd. [h]; see McKinney’s Cons. Laws of N. Y., JBook 7B, CPLR, art. 52, Practice Commentary, pp. 21, 161).
After two prior income executions of other judgment creditors of the beneficiary were satisfied, petitioner’s predecessor honored this execution by making two payments in 1956 and 1957. Shortly thereafter the latter resigned and turned over the corpus of the trust to petitioner as successor trustee whose attorneys, then as well as now, advised the Sheriff that “no levy or payment from the income of the said fund can be made ” unless a (new) garnishee order and execution were obtained and served upon petitioner. This apparently was not done. No further payments were made to the Sheriff and no action has been taken by him or the judgment creditor to enforce the levy originally made (CPLR 5231, subd. [e]) or to lay claim to any portion of the trust income, until they were brought into this proceeding. Regardless of time or other elements the power of this court to control or direct the disposition of the fund in question as a trust estate asset is not challenged.
Petitioner resists respondents’ claim to the reserve fund on several grounds, but only one is deemed valid, namely, that the trust income of the judgment debtor throughout the accounting period did not exceed the minimum amount of $25 per iveeh applicable to him under section 684 of the Civil Practice Act and $30 per week under CPLR 5231. Although the payments of income to the life beneficiary were not made weekly but for the most part quarter-annually, computation is required on the basis of the weekly average for each payment period, and if the amount fell below the statutory minimum the levy was not operative for such period. According to the schedules of the account this seems to be true during the entire period covered by the account. (Hamilton v. Drogo, 241 N. Y. 401; Judis v. *896 Martin, 218 App. Div. 402; Erdheim v. Mabee, 109 N. Y. S. 2d 267, affd. 279 App. Div. 988, affd. 305 N. Y. 307; First Westchester Nat. Bank v. Lewis, 42 Misc 2d 1007; Wood v. Dock & Mill Co., 193 App. Div. 236; Saks & Co. v. McDonald, 164 N. Y. S. 756; Jones v. Nicoll, 72 Misc. 483; State Tax Comm. v. Bradley, 185 Misc. 733; cf. Ellis v. Chapman, 165 App. Div. 79; Schwartz Tire Corp. v. Gershon, 160 Misc. 439; 33 C. J. S., Executions, § 406.)
The policy of the law is to assist the judgment creditor to collect his judgment (State Tax Comm. v. Bradley, 185 Misc. 733, supra). At the same time the law protects a spendthrift trust from the creditors of the beneficiary, except where his total income from all sources exceeds his reasonable needs, in which case the creditor may bring a proceeding to impound the excess, or where his trust income exceeds the statutory weekly minimum rate, in which case it can be reached by an income execution to the extent of 10% of the total trust income (Matter of Cramer, 166 Misc. 713; Matter of Havemeyer, 127 Misc. 197). If the trust in this instance was the only source of income of the judgment debtor the levy clearly was not operative and the reserve fund is payable to his estate. But if he had additional income or earnings which would bring his total above the statutory minimum during all or some of the payment periods herein, it is this court’s opinion that the levy would be operative during those periods when the minimum was exceeded, computed on an average weekly basis (see 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5231.10). The burden is on respondents to supply such proof, if any is available (Ellis v. Chapman, 165 App. Div. 79, supra).
Respondents, therefore, will be afforded an opportunity to supply proof of additional earnings and income of the life beneficiary during the period covered by this accounting. The matter will be held in abeyance for a period of 60 days for that purpose, and will be determined either on papers submitted if they are adequate, or after a hearing if necessary. If nothing further is heard by the court by the end of that period, petitioner may settle decree to include a provision directing payment of the reserve fund to the personal representative of the income beneficiary.