In the Matter of the Assignment for the Benefit of Creditors of ABRAHAM SCHWARTZBERG and Another, Individually and as Copartners Trading as SCHWARTZBERG BROS., to HENRY J. GREENSTEIN, Trustee and Assignee.

LOUIS WINER and Another, Appellants; ABRAHAM KRUGMAN, Respondent.

First Department, February 14, 1930.

*J. M. Cohen* of counsel [*Louis Winer,* attorney], for the appellants.

*Edward P. Sobel* of counsel [*Hyman Finkelson* with him on the brief], for the respondent.

McAvoy, J.  Before May 14, 1928, Abraham Schwartzberg and Israel Schwartzberg, trading as Schwartzberg Bros., occupied premises known as No. 1374 Third avenue, borough of Manhattan, where they conducted a retail business.  They had financial troubles and were desirous of effecting a settlement with their creditors, and on that day executed a deed of trust to Henry J. Greenstein, as trustee for the liquidation, and gave the trustee authority to continue the business of the debtors, the continuation to be within the discretion of the trustee herein.

"*Fourth.* In the event the debtors shall succeed in effecting a settlement with all of their creditors, then upon the consummation of such settlement and the deposit with the trustee of the funds necessary to carry into effect the terms thereof, the trustee herein shall forthwith reconvey to the debtors all of the assets   *   ·  *    *."

"*Fifth.*   *   *   *   In the event no settlement is consummated by the debtors within what the trustee shall deem to be a reasonable time after the execution of this instrument," he was authorized to dispose of the assets by sale.

The trustee accepted the deed of trust, and on the same day, May 14, 1928, the trustee went into possession of the premises.

The trustee continued in possession until the 28th day of May, 1928, a period of fourteen days.

During this period, on May 22, 1928, at 1374 Third avenue, the assets were sold for $1,000.  After deducting the expenses, the sum of $840.85 was turned over to Henry J. Greenstein, the trustee.  Out of this sum was paid the expenses and counsel fee

incidental to the administration, and the creditors who chose to file their claims received dividends aggregating thirty-three to thirty-five per cent. One creditor, the petitioner here, was not paid these dividends because he did not recognize the trust arrangement and proceeded apart from this settlement by this trust agreement.

This creditor seeks to recover rent for the unexpired period of a lease after use and occupation was terminated.

The other creditors accepted the deed of trust and received their proper dividends. The creditor who did not recognize the deed of trust instituted an action against Schwartzberg Bros., seeking to recover rent of $800, and obtained judgment on November 28, 1928, for the sum of $871.08, and thereafter issued execution which was still unsatisfied prior to March 11, 1929, when this motion was made for summary relief not only against the so-called assignee or trustee, but also against the assignee's attorney, Louis Winer as though this matter were a voluntary assignment proceeding under the Debtor and Creditor Law.

We think that a summary motion to turn over moneys alleged to be due against the trustee of a voluntary trust was unauthorized by any practice prescribed in our law and hence the order against the trustee should be reversed.

As to the attorney in the settlement matter, since there was no relation of attorney and client between Winer and the petitioner, a summary order was clearly unauthorized as to him.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.