In the Matter of Supplementary Proceedings: ISRAEL J. ORLOFF and SAMUEL GOTTESMAN, Copartners, etc., Judgment Creditors, Respondents, *v.* SIDNEY PESTER, Judgment Debtor, Appellant, and JACOB P. SHULMAN, Third Party, Appellant.

Supreme Court, Appellate Term, First Department, May 6, 1932.

*Jacob P. Shulman*, third party in person, appellant.

*Sidney Pester*, judgment debtor in person, appellant.

*Abraham I. Horn*, for judgment creditors, respondents.

PER CURIAM. Assuming that the moneys involved herein were " personal property capable of delivery " within the meaning of section 793 of the Civil Practice Act, it appears that the assignment herein was not a general assignment as defined by the Debtor and Creditor Law ■ as it was only intended to apply to a portion of the creditors and a specified fund. Therefore, it is not void because not executed in compliance with the act. (*Royer Wheel Co.* v. *Fielding*, 101 N. Y. 504.) Nor would failure to fulfill the requirements of the statute as to things to be done subsequent to the assignment make an assignment void even if it were one within the statute. (*Matter of Berman*, 173 App. Div. 689.) It has been held that a summary motion against the trustee of a voluntary trust to turn over moneys was unauthorized by any practice in our law. (*Matter of Schwartzberg*, 228 App. Div. 174.) In any event there is a real controversy as to the debtor's right to possession of these moneys and such a dispute cannot be settled in supplementary proceedings but must be determined in an appropriate action. (*Kenney* v. *South Shore Natural Gas Co.*, 201 N. Y. 89.)

Order reversed, with ten dollars costs and disbursements, and motion denied.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.