Supplementary Proceedings: BROCKTON SHOE MANUFACTURING Co., INC., Judgment Creditor, *v.* ABRAHAM SCHENKMAN and MICHAEL M. IMBARRATO, Individually and as Copartners, Trading as CROWN SHOE COMPANY, Judgment Debtors.

In the Matter of the Application of SIDNEY S. LEVINE, Receiver of All of the Property of ABRAHAM SCHENKMAN and MICHAEL M. IMBARRATO, Individually and as Copartners, Trading as CROWN SHOE COMPANY, Respondent, to Compel MARTIN M. GOLDMAN to Turn over to Him a Sum Sufficient to Satisfy the Judgment Herein, with Costs and Disbursements to Date, and/or for an Order Restraining MARTIN M. GOLDMAN from Making any Disposition of the Funds in His Possession.

MARTIN M. GOLDMAN, Third Party, Appellant.

Supreme Court, Appellate Term, First Department. December 22, 1932.

*Theodore Goldman* [*William Weidberg* of counsel], for the appellant·

*Hilbert I. Trachman* [*Irving R. Krosner* of counsel], for the respondent.

PER CURIAM. The consent of the creditors and their joinder in the execution of the instrument was unnecessary to the creation of a common-law trust. That the assignment provides for a distribution of the assets upon the execution of general releases does not, under the circumstances presented, render the instrument fraudulent on its face at the election of the judgment creditor, whose original demand, amounting to about $400, is but a small part of the $6,000 total indebtedness of the assignor, all of the other creditors having assented to the terms of the assignment.

A general assignment must be interpreted, like all other instruments, according to the intention of the parties, and if possible such a construction should be adopted as may sustain the assignment rather than defeat it; and the onus is on the party charging fraud to show affirmatively some illegal provision or some act, consciously or purposely done, which is inconsistent with an honest purpose. (*Roberts & Co.* v. *Buckley*, 145 N. Y. 215, 223; and see *Spaulding* v. *Strang*, 37 id. 135; *Powers* v. *Graydon*, 23 N. Y. Super. Ct. 630, 664.)

" Fraud in law exists only when the acts upon which it is based carry in themselves inevitable evidence of it independently of the motive of the actor." (*Delaney* v. *Valentine*, 154 N. Y. 692, 693.)

There is no provision in the assignment for sales on credit, and it appears from the proofs that complete distribution would have been made but for the restraining orders obtained by the respondent.

It follows that the summary direction for payment by the trustee, on the theory that title did not pass under the instrument, was unauthorized. (*Matter of Schwartzberg*, 228 App. Div. 174; *Orloff* v. *Pester*, 143 Misc. 685.)

Order reversed, with ten dollars costs and disbursements, and motion denied.

All concur; present, LYDON, LEVY and FRANKENTHALER, JJ.