In the Matter of Supplementary Proceedings: THE LIBERTY STORAGE & WAREHOUSE Co., Judgment Creditor, Respondent, *v.* PRESCOTT VAN WYCK, Judgment Debtor, Respondent, and CITY BANK FARMERS TRUST COMPANY, as Trustee under an Agreement with the Judgment Debtor Dated March 2, 1928, and Amendments Thereto, and BANKERS TRUST COMPANY, as Trustee under an Agreement with the Judgment Debtor Dated September 23, 1933, Third Parties, Appellants.*

First Department, April 6, 1939.

* See 165 Misc. 890.

*A. Hayne de Yampert* of counsel [*Edward J. Boyd, Jr.*, and *Richard J. Turk, Jr.*, with him on the brief; *White & Case* and *Mitchell, Taylor, Capron & Marsh*, attorneys], for the appellants Bankers Trust Company and City Bank Farmers Trust Company, trustees, respectively.

*Gerald G. Schwartz*, for the judgment creditor, respondent.

DORE, J. The issue on this appeal is the validity of two orders under section 796 of the Civil Practice Act, made by the City Court and affirmed by the Appellate Term, directing the trustees of two voluntary trusts to pay to the sheriff the amount of plaintiff's judgment out of twenty-five per cent of the principal of two trust funds. The City Court held that under section 34 of the Personal Property Law the trusts were void as to twenty-five per cent of the principal thereof with respect to which the judgment debtor had reserved to himself power of appointment by will. The trustees appeal.

Prescott Van Wyck, the settlor, on September 23, 1933, by separate deeds of trust transferred to each of the two trustees herein certain personal property of the approximate value of $100,000 in trust until November 26, 1943, or the settlor's earlier death. The relevant portions of the two trust instruments are identical. They provide that until 1943 or the settlor's prior death the income is to be paid to him and, on the consent in writing of any one of three named persons, up to $5,000 annually of principal; on November 26, 1943, if the settlor be then living, the trusts terminate and he receives the principal, but, if he dies before that date, then on his death the unexpended principal is disposed of as follows: Twenty-five per cent to such persons as the settlor appoints by his last will, and the balance (including any part of that twenty-five per cent not effectually so appointed) to the settlor's named two brothers, a sister and a nephew, or if the brothers and the sister are deceased, to their then living issue *per stirpes*. The trust was irrevocable prior to November 26, 1943, at which time the unexpended principal reverted to the settlor if living, and he was also given discretionary power to extend the duration of the trust beyond that date, with power to amend it in any way,

and also thereafter to revoke it in whole or in part without the consent of any other person.

The approximate sums in the respective trusts are now $75,000 and $79,000, and the annual income between $3,000 and $3,500. At the time of this proceeding the trustees had been served with (1) assignments of income totaling $20,000; (2) assignments of sums withdrawable from the principal totaling $60,000; (3) agreements to make codicils to the settlor's will obligating him to appoint and appointing a total of $25,000 to various creditors as security for their indebtedness, from the twenty-five per cent of the corpus with respect to which he reserved power to appoint; and (4) third party papers on behalf of about seventeen judgment creditors of the settlor for judgments aggregating $25,000. Two other judgment creditors had also served upon the two trustees third party subpœnas and an assignee of a portion of the income had moved to vacate the injunctive provisions of the third party subpœnas issued by the plaintiff judgment creditor.

Action by both trustees for an accounting and judicial instructions are pending in the Supreme Court in which all interested parties are joined. The parties to the present proceedings are plaintiff, a judgment creditor, the defendant judgment debtor, and the two trustees. The remaindermen named in the deeds of trust are not parties.

The City Court based its determination upon section 34 of the Personal Property Law and *City Bank Farmers Trust Company* v. *Miller* (163 Misc. 459), the affirmance of which (253 App. Div. 707) has, since the appeal herein, been reversed (278 N. Y. 134). Section 34 of the Personal Property Law provides as follows:

" § 34. Transfers in trust for the transferrer. A transfer of personal property, made in trust for the use of the person making it, is void as against the existing or subsequent creditors of such person."

This statute against trusts in personal property for the use of the persons creating them, derived from the Revised Statutes (Pt. 2, chap. 7, tit. 2, § 1), had been, with some slight difference in language, enacted in England as early as 1487 (3 Henry VII, chap. 4) and re-enacted in this State in 1787. It declares the common law. It does not apply to transfers made for other objects though containing a residuary incidental and partial reservation of interests for the transferor, but has been held to apply only to conveyances in trust wholly or primarily for the use of the grantor. (*Curtis* v. *Leavitt*, 15 N. Y. 9, 116–124, 148–150, 176, 204, 295; *Shoemaker* v. *Hastings*, 6 How. Pr. 79; *Delaney* v. *Valentine*, 154 N. Y. 692, 701; *Newton* v. *Jay*, 107 App. Div. 457, 467.)

In *Curtis* v. *Leavitt* (*supra*) the true meaning and application of the statute was considered at great length by all of the judges and they were unanimous in the conclusion " that the statute applies only to conveyances, etc., primarily for the use of the grantor, and not to instruments for other and active purposes, where the reservations to the grantor are incidental and partial."

Under the terms of both trusts herein, the settlor, if he died before 1943, irrevocably gave seventy-five per cent of the undisposed of principal to two brothers, a sister, and a nephew, named remaindermen, and not the persons who would take at his death under the laws of intestacy. Accordingly, whatever hairline distinctions may be made in other cases in determining whether a reversion or a remainder is created, it must be clear in this case that these persons have contingent remainders (1) in seventy-five per cent of the principal of the trust subject to the settlor's life estate which would be vested in possession on his death before 1943, and (2) in twenty-five per cent of principal over which the settlor reserved power of appointment, which would be vested in possession if the settlor died before 1943 failing in whole or in part to exercise the power.

The City Court originally determined that directory orders under section 794 of the Civil Practice Act, which refers to an " indebtedness " by a third party to a judgment debtor, might be made. On reargument the court reached the conclusion that the judgment creditor's more appropriate summary remedy was under section 796 of the Civil Practice Act, which relates to property in the possession of another person where the debtor's right to possession " is not substantially disputed."

We consider that section 796 of the Civil Practice Act is not applicable to the case at bar. That section provides for a summary directory order that property or money " in the possession or under the control of another person " shall be delivered to the sheriff where the debtor's right to possession thereof " is not substantially disputed." From the facts indicated above it should be clear that the debtor's right to possession of the corpus of these trust funds is substantially disputed. It has been held that a summary motion against the trustee of a voluntary trust to turn over the principal was unauthorized by any practice in our law. (*Matter of Schwartzberg*, 228 App. Div. 174, 176 [First Dept.].) In any event there is here a real controversy as to the debtor's right to possession of the principal summarily ordered to be turned over to the sheriff by the order appealed from. Such substantial dispute raised by the trustees in defense of the trusts cannot be determined in supplementary proceedings but should await determination in an

appropriate action to which all persons interested are made parties. (*Rodman* v. *Henry*, 17 N. Y. 482, 484; *Barnard* v. *Kobbe*, 54 id. 516, 521; *Kenney* v. *South Shore Natural Gas & F. Co.*, 201 id. 89, 92.)

The determination of the Appellate Term affirming the order of the City Court of December 6, 1937, granting two motions made by the judgment creditor to the extent of directing the trustee to pay to the sheriff sufficient securities of money out of the twenty-five per cent of the corpus of each of the trusts herein in their possession to the extent of one-half of $1,354.86, with interest and the sheriff's fees, should be reversed, with twenty dollars costs and disbursements in this court, and with ten dollars costs and disbursements in the Appellate Term, and the motions denied.

O'MALLEY, TOWNLEY, COHN and CALLAHAN, JJ., concur.

Determination unanimously reversed, with twenty dollars costs and disbursements of this appeal, and with ten dollars costs and disbursements in the Appellate Term, to the appellants against the plaintiff-respondent, and the motions denied.