Edgar F. Hazleton, S.
In this protracted trustees ’ accounting proceeding, numerous claims against the remainderman, Alfred Severin Bourne, Jr., have been passed upon and are now awaiting payment. The claims had been resisted by Mr. Bourne, who charged lack of consideration, usurious interest rates and other defenses. The moneylenders, as security, had obtained from the remainderman assignments of his interest in the trust. It is upon these assignments that the claims against Bourne’s interest in the corpus of the trust are made. This court clearly cannot concern itself with other creditors of Alfred Severin Bourne, Jr., who do not hold assignments. I am concerned solely with those creditors who hold assignments from said Bourne of a part of his share in the trust fund, the stewardship of which is now before me.
The Chase Manhattan Bank and Coleman Burke, as successor trustees under a “ spendthrift ” trust instrument made in 1927, created by Alfred Severin Bourne, Jr., of two thirds of his remainder interest in the trust that is the subject of this accounting, filed an answer alleging (1) the filing of an assignment to their predecessor trustees of said two-thirds interest, (2) that upon information and belief all other assignments are subsequent to such original assignment, and (3) praying that the accounting petitioners pay over and deliver to them two thirds of any and all of the properties or money provided by the will of decedent to be delivered to the settlor of said trust, free and clear of all claims and demands of said remainderman and his creditors and of the assignees of the remaining one-third interest in and to the property herein accounted.
The claimants holding assignments have challenged the legal sufficiency of the assignment made to the trustees under said 1927 trust principally upon the ground that, as to them, the instrument pursuant to which said assignment was given is void under section 34 of the Personal Property Law. On the debit side of the ledger, the assignments made by Alfred Severin Bourne, Jr., total $765,000, while on the opposite side after the creation of the 1927 spendthrift trust, there remains only $440,000 which is $325,000 short of the total assignments. Thus, if the corpus of the 1927 trust cannot be invaded for the payment of the debts, there will be insufficient funds to pay the creditors. Such would be the situation in spite of the fact that subsequent to the aforesaid trust indenture, and after the recording of the instrument on July 25,1927, in this court, Alfred Severin Bourne, Jr., made additional assignments of his remainder interest to some 40 other individuals and corporations. The earliest of those assignments was January 15, 1948.
*612 Upon the challenge to the jurisdiction of this court to determine the validity and priority of the assignments, I believe that this court has such jurisdiction notwithstanding the necessity of construing an inter vivos trust as a collateral matter. The classic jurisdictional tests are: Does the issue relate to the affairs of the decedent? Does it concern parties to the proceeding? Is decision thereon necessary for complete disposition of the subject matter?
Let us assume that instead of having made many assignments, Alfred Severin Bourne, Jr., had assigned his entire interest in the trust to only one individual. Would not such single assignee be a proper party to this accounting and entitled to have his claim and assignment passed upon by this court? I believe he would and that this court possesses the requisite jurisdiction. (Surrogate’s Ct. Act, § 40; see Matter of Malcomson, 188 App. Div. 600.) In arriving at this conclusion, I am aware that this court’s jurisdiction is not unlimited in an accounting proceeding, and I am following what I said in Matter of Krabbe (1 Misc 2d 816) at pages 819 and 820. These assignees claim an interest in the testamentary trust herein. Therefore, they are proper parties to this proceeding, since without them no complete disposition could be made of the fund. (Surrogate’s Ct. Act, § 267.)
However, when it comes to invading the inter vivos trust of 1927, in order to pay those claimants who hold assignments, I have my doubts. The purpose of this trust, which in truth is a spendthrift trust, was to protect the settlor’s inheritance from himself and those moneylenders who might prey and profit upon Ms weakness of which I am confident they were fully aware.
The claimants in support of their proposed invasion of this trust rely upon section 34 of the Personal Property Law, which reads: “A transfer of personal property, made in trust for the use of the person making it, is void as against the existing or subsequent creditors of such person.”
The trust indenture of 1927 provided that Alfred Severin Bourne, Sr., would immediately transfer specified securities to the trustees and that his son, Alfred Severin Bourne, Jr., would concurrently assign two thirds of his remainder interest in his grandfather’s testamentary trust (in which Alfred Severin Bourne, Sr., had a life estate) and upon the following simplified terms: Income to Alfred Severin Bourne, Jr., for his life, and upon his death the principal to (a) such person as he might by will appoint, and, in default of such appointment, (b) the surviving issue of Alfred Severin Bourne, Jr., and (c) if no such issue survived Mm, his heirs under New York laws of intestacy.
*613 Besides his life estáte Alfred Severin Bourne, Jr., possesses only a general testaínentáry power Of appointment over the principal of the trust without any right to reach or control thfe disposition of the principal during his life, with his surviving issue, as a class, now consisting of his three infant children, owning a remainder in the principal, subject only to the valid exercise of this power of appointment. (Crackanthorpe v. Sickles, 156 App. Div. 753 [1st dept., 1913]; Matter of Burchell, 299 N. Y. 351 [1949].) It was, in fact, observed by Surrogate Foley in a leading case (Matter of Weekes, 174 Misc. 930, 931 [Surrogate’s Ct., N. Y. County, 1940], affd. 260 App. Div. 1014 [1st dept., 1940]) that the “ usual method ” to create a remainder “is to provide for a gift to the issue of the life tenant ”. (See, also, Matter of Rumph, 205 Misc. 404 [Surrogate’s Ct., Richmond County, 1954]; Matter of Pearson, 138 N. Y. S. 2d 489, 491 [Surrogate’s Ct., N. Y. County, 1954]; Matter of Ryan, 284 App. Div. 102, affd. 309 N. Y. 703.)
The applicable rule was clearly stated by Referee Drake in his report in the Coyle case (Matter of Coyle, 280 App. Div. 857, affd. 305 N. Y. 809) in this simple language: “ Under Section 34 of the Personal Property Law only those transfers in trust which are wholly for the use of the Settlor are void. If the transfer is not wholly for the use of the Settlor, it is valid even though the Settlor retains some interest for his own use. (Curtis v. Leavitt, 15 N. Y. 9, 116-24, 148-50, 176, 204, 295; Liberty Storage & Warehouse Co. v. Van Wyck, 256 App. Div. 641; Newton v. Jay, 107 App. Div. 457, at 467.) ”
The trust indenture of 1927, in providing for a life estate in Alfred Severin Bourne, Jr., and a gift over to his surviving issue followed the ‘ ‘ usual method ’ ’ to create a remainder interest. The draftsman of the document, who was skilled in his art, succeeded in creating a trust that does not come within the proscriptions of section 34 of the Personal Property Law.
My conclusion is that the inter vivos trust of 1927 cannot be invaded for the payment of the creditors of Alfred Severin Bourne, Jr., holding assignments from him of his interest in the trust being accounted for, and that two thirds of Alfred Severin Bourne Jr.’s interest in the testamentary trust of his grandfather’s estate should be paid over to the inter vivos trustees.
Proceed accordingly on notice.