John D. Bennett, S.
In the decree of October 15, 1959 settling the account of the general guardian, there was reserved a fund sufficient to satisfy an assignment made by the former ward of part of his interest in the guardianship estate. The assignee is presently seeking to enforce the assignment as against such fund.
*803 The former ward, in addition to contesting the validity of the assignment as against the assignee, now moves by order to show cause to join two individuals, one of whom is his former attorney and the other the president of a corporation and that corporation as parties to this proceeding.
The cross petition contains several causes of action which allege conspiracy, fraud, duress and undue influence against these third persons jointly and severally, and another cause of action which alleges that the corporation is the primary obligor on the loan made by the assignee while the former ward’s liability is secondary as a guarantor of the loan. The cross petitioner requests that if he be found liable on the assignment, the third persons sought to be made parties be ordered to pay the amount due under the assignment with interest. Two of the persons sought to be joined have interposed special appearances for the purpose of challenging the jurisdiction of this court to implead them.
Although this court has jurisdiction to determine the validity of an assignment of an interest in an estate (Matter of Malcomson, 188 App. Div. 600; Matter of Bourne, 4 Misc 2d 610), which rule would similarly apply to guardianship matters and accounts (Surrogate’s Ct. Act, § 40, subd. 6) this court is of the opinion that this power refers to a determination of the validity of a purported assignment as between the parties to such assignment. If there be no taint of fraud, undue influence or duress as between such parties, the assignment should be declared to be valid.
The answer of John M. Balsam alleges, as a third, separate and complete affirmative defense, that the execution of the assignment was induced by fraud, duress and/or undue influence upon the respondent, but it fails to allege that the assignee, Joseph L. Rosenberg, exercised such fraud or undue influence.
In the cross petition to bring in third parties, John M. Balsam amplifies his claim by charging conspiracy on the part of his former attorney, the president of the corporation, and the corporation, to induce John M. Balsam to secure a loan made to the corporation by false and fraudulent representations, and he then charges individually the president of the corporation and the former attorney with fraud, deceit, undue influence and duress, and the corporation with primary liability. Nowhere is there any allegation that the assignee here was a party to, or was guilty of any fraud, deceit, undue influence or duress, nor in any way involved in the wrongful actions attributed to the third persons sought to be brought into the proceeding. At the hearing of August 24, 1960, counsel for John M. Balsam *804 stated: “ We do not charge Rosenberg with being a party to any of those elements.” The issues sought to be adjudicated against the third parties are therefore not ‘1 related to the main action by a question of law or fact common to both controversies ” as required by section 193-a of the Civil Practice Act (Schutrum v. Horton, 272 App. Div. 1086).
The cause of action in the cross petition, which seeks to implead the corporation as the maker of the loan of which the cross-petitioning respondent guaranteed payment, is also improper. The matter therein set forth may well constitute a defense of the payment of the money in the hands of the guardian to Mr. Rosenberg at this time, by reason of the fact that he may not have exhausted his remedies against the primary obligor.
However, this court feels in its discretion that this does not warrant the trial of the primary obligation of the corporation in this proceeding. The motion to bring in the third parties is accordingly denied.