JOHN J. DILLON et al., Respondents, *v.* JEAN P. SPILO et al., Appellants.

Submitted June 11, 1937; decided July 13, 1937.

276

*Henry C. Uterhart* and *Joseph Otis* for Jean P. Spilo, appellant. The re-enactment of section 792 of the Civil Practice Act and the enactment of section 793 of the Civil Practice Act indicated a legislative intention to create a new exemption, favorable to a judgment debtor. (*Matter of Kaplan* v. *Peyser*, 273 N. Y. 147.)

*Max Taylor, Julius L. Neidle, Theo. A. Delman* and *William F. Berghold* for respondents. Section 793 of the Civil Practice Act has no application. (*Graff* v. *Bennett*, 31 N. Y. 11; *Schenck* v. *Barnes*, 156 N. Y. 316; *Newton* v. *Hunt*, 134 App. Div. 325; 201 N. Y. 599; *Kene* v. *Hill*, 102 App. Div. 370; *Matter of Kaplan* v. *Peyser*, 273 N. Y. 147; *American Historical Society* v. *Glenn*, 248 N. Y. 445; *Metropolitan Life Ins. Co.* v. *Zaroff*, 157 Misc. Rep. 796.)

RIPPEY, J. On February 19, 1930, Jean Pulaney Spilo transferred to the City Bank Farmers Trust Company, as trustee, certain personal property then aggregating in value about $43,780, in trust, to pay over the income as nearly in monthly installments as possible to the settlor for life and, upon her death, to divide the principal into so many equal shares as there should be one for each child of the settlor then living and to apply all the income of each such share, together with such portion of the principal thereof as the trustee might deem necessary for the child's proper education, comfort and support, to the use of the child for whom it is set aside during minority and to pay to such child the principal remaining at arrival at the age of twenty-one years; in the event such child should not reach the age of twenty-one years, the principal of the share of the child so dying should be paid to the sisters of the settlor then living or, if none then be living, to those entitled to receive under their wills. Other provisions are not now material.

The plaintiffs allege that they recovered judgment in the City Court of the city of New York against the settlor on August 15, 1935, and docketed the same with the Clerk of the county of New York on August 17, 1935, for $1,038.06, that execution was issued thereon to the Sheriff of the said county, where the defendant Spilo resided on July 29, 1936, that the Sheriff returned the execution wholly unsatisfied on August 5, 1936, and that the judgment remains wholly unsatisfied. The action was brought against the settlor and the trustee to reach the income from the trust fund and apply it on the judgment until paid, by virtue of the authority granted to a judgment creditor where execution on his judgment has been returned unsatisfied by the provisions of section 1189 of the Civil Practice Act. Each defendant answered separately. Defendant Spilo admits that the judgment was recovered in City Court but denies

that the judgment was docketed and that an execution thereon was issued out of a court of record and returned unsatisfied; sets up as a complete and as a partial defense that, on October 7, 1935, one Lucie Goldstein recovered a judgment against her for $889.50 upon which a garnishee execution was issued against the income of the trust fund, that ten per cent of the said income has since been paid by the trustee thereon and that there is still a balance due of about $800; sets up a second complete defense to the effect that the court is without jurisdiction in that plaintiffs have failed to join her infant son, Jay Spilo, as a party defendant, who is the remainderman and an interested and necessary party; and sets up a third partial and complete defense to the effect that the income from the trust fund is insufficient for the support and maintenance of herself and infant son. The trustee puts in issue substantially all the allegations of the complaint, alleges that the income from the trust fund is approximately $1,190 per year and that it is paying on the aforesaid garnishee execution and sets up two separate and complete defenses similar to the second and third defenses in the Spilo answer. Plaintiffs moved for judgment on the pleadings under rule 112 of the Rules of Civil Practice. The motion was denied at Special Term because of the defenses interposed regarding the amount of trust income necessary for the reasonable requirements of the judgment debtor as provided for by section 793 of the Civil Practice Act. Plaintiffs appealed to the Appellate Division on January 14, 1937. Thereupon, on February 6, 1937, the parties stipulated that " the income derived from the trust involved in this cause is insufficient for the support and maintenance of the judgment debtor " and that " the only issue raised on this appeal is whether the defense that the income from this trust is insufficient for the support and maintenance of the judgment debtor is a valid legal defense." The Appellate Division held that it was not a valid defense, reversed the order of the Special Term and granted the

motion for judgment on the pleadings, but held that, under the circumstances disclosed, " it would be inequitable to direct that the judgment debtor's interest be sold for the satisfaction of the judgment " and remitted the matter " to an Official Referee to take proof as to all the surrounding facts and circumstances and to report to Special Term with a recommendation as to the manner in which the income shall be applied to the satisfaction of plaintiffs' judgment and prior liens." Both defendants appeal to this court by permission of the Appellate Division, which has certified the following questions to us:

" (1) Is the third defense contained in the answer of the judgment-debtor sufficient in law upon its face thereof to constitute a defense?

" (2) Is the matter alleged in paragraph ' 7 ' of the answer of the judgment-debtor sufficient to constitute a partial defense to the plaintiff's cause of action?

" (3) Is an interest reserved for her own benefit by the founder of a trust subject to the claims of her subsequent creditors, and if so, to what extent?"

The defendant Spilo reserved the income for her own use for life. Section 34 of the Personal Property Law (Cons. Laws, ch. 41) provides that " a transfer of personal property, made in trust for the use of the person making it, is void as against the existing or subsequent creditors of such person." Plaintiffs do not seek the principal of the trust or the remainder or to declare the trust void. They seek the interest which the settlor reserved for her own use. It is her property with which she never parted. It is only where a third party establishes the trust that the income of the beneficiary may not be reached to satisfy claims of creditors. (*Schenck* v. *Barnes*, 156 N. Y. 316.) Where a third party creates the trust, the income of the beneficiary may not be reached in proceedings supplementary to execution (*Matter of Kaplan* v. *Peyser*, 273 N. Y. 147), nor may it be reached in a judgment creditor's action under section 1189 of the Civil Practice Act. (Civ. Prac. Act, § 1196.) In proceedings sup-

plementary to execution, section 793 of the Civil Practice Act enlarged the rights of creditors to reach income from a trust where the beneficiary himself created the trust beyond that afforded through garnishee executions under sections 684 and 685 of the Civil Practice Act. In such a proceeding, it is provided, the court may order the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, such portion of such income as may be proper after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, in addition to the amount recoverable under garnishee execution. By the enactment of that section, there is no express or implied repeal of section 34 of the Personal Property Law, nor does it apply to or limit recovery in a judgment creditor's action brought under section 1189 of the Civil Practice Act beyond the limitations specified in section 1196. The judgment debtor here is not a corporation nor is recovery sought from her earnings. Issues of fact were presented by the pleadings, but they were all disposed of by the stipulation of the parties except those raised in the Appellate Division and here decided.

The plaintiffs have not appealed from the order of the Appellate Division remanding the case to an official referee. We limit our decision to the questions determined in the court below. We decline to answer abstract questions which affect no issue before us. (*Schenck* v. *Barnes, supra.*) The third question certified is in that class.

The order should be affirmed, with costs, and the first two questions certified answered in the negative. The third question certified is not answered.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; O'BRIEN, J., taking no part.

Order affirmed, etc.