MARY A. DRYSDALE, as Administratrix, etc., of ROBERT F. DRYSDALE, Deceased, Respondent, v. JOHN A. WALSH, Appellant.— Judgment affirmed, with costs. All concur. (The judgment is for plaintiff in an automobile negligence action.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Probate of the Last Will and Testament of CHARLES H. PALMER, JR., Deceased.— Order affirmed, without costs. All concur. (The order fixes the fees of an attorney, denies a motion for reargument, and denies a motion for modification of an order of substitution.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

LADELL BARBOUR, Respondent, v. KIMBERLY-CLARK CORPORATION, Appellant. — Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies defendant's motion to resettle a previous order which denies defendant's motion to dismiss plaintiff's amended complaint in a silicosis action.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

ROSE BOSLOV, Respondent, v. MORRIS BOSLOV, Appellant.— Order affirmed, without costs. All concur. (The order directs defendant to pay to plaintiff's attorney the sum of $250 counsel fees, with ten dollars motion costs, and stays all proceedings on the part of defendant pending such payment of counsel fees.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ. [177 Misc. 817.]

In the Matter of the Application of AUGUST BECKER, for Reinstatement as an Attorney and Counselor at Law.— Application for reinstatement denied. All concur, Harris, J., not voting. Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

## (May 13, 1942.)

FRANK J. CREGG, JR., as Trustee of JULIAN S. BROWN, Bankrupt, Respondent, Appellant, v. JULIAN S. BROWN and CHARLES S. BROWN and CECIL C. BAILEY, as Successor Trustees under the Last Will and Testament of MARY L. BROWN, Deceased, Appellants, Respondents.— Judgment affirmed, without costs. All concur, except Harris, J., who dissents and votes for reversal and for granting a new trial on the ground that there is no basis for the finding of fact number 22, or for the conclusions of law growing out of such finding. (See Memorandum of Edgcomb, Official Referee, folios 80–83, inclusive, and 86–89, inclusive, in record on appeal.) (The judgment awards plaintiff part of the income of defendant Julian S. Brown under a trust created for him by his mother, but limits the amount to be received by plaintiff to the amount of the income in excess of $12,000 annually.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.