William O. Hecht, Jk., J.
Motion by the judgment creditor to direct a third party, Fred H. Jorgensen, as executor and trustee under the will of Dorothea Owen to pay to Herman Koenigsberg, the receiver herein, any and all sums of money in his hands as such executor and/or trustee which have accrued or have heretofore become payable to Robert L. Owen, the juolgment debtor, and directing Fred H. Jorgensen as such executor and trustee to pay said receiver all future sums which may have come or may hereafter come into his hands as such executor and/or trustee and would have heretofore or hereafter become payable to said Robert L. Owen but for such receivership, not exceeding the amount due on the judgment obtained by said Maurice Goodman against said Robert L. Owen on January 18,1951 in the sum of $15,688.50 with interest from that date, plus the expenses of the receivership.
The judgment debtor has defaulted on this motion.
The third party, Fred H. Jorgensen, opposes this motion, and by way of cross motion moves to vacate the order dated December 30, 1959 which directs Fred H. Jorgensen to be examined as a third party herein, and which enjoined the said Fred H. Jorgensen, as executor and trustee under the will of Dorothea Owen, deceased; and to vacate the restraining order dated September 6, 1960 on the grounds that each order is contrary to law.
The Union Bank of California, an alleged creditor of the judgment debtor, also opposes the motion, urging that the judgment creditor should first resort to process of garnishee under section 684 of the Civil Practice Act and further that in a section 793 of Civil Practice Act proceeding, due regard for the reasonable requirements of the judgment debtor and his family must first be considered and that the burden is on *1047 the judgment creditor to show that the judgment debtor has made or is providing adequately for his family. In addition, Wanda Walt Owen, the wife of the judgment debtor, claims that her husband, the judgment debtor herein, has failed to provide for his family, pursuant to a separation agreement in writing; and failed to pay an admitted debt due her in the sum of $25,000, and urges that any moneys available to the judgment debtor must first be directed for the support of his family.
The third party and the Union Bank both urge that the property being held by the third party is trust funds and not subject to seizure or interference; and that although the income therefrom may be subject to a judgment creditor’s claim under section 793 of the Civil Practice Act, the method for obtaining the same is limited in the manner provided by statute.
In Dillon v. Spilo (275 N. Y. 275, 280) the court stated that section 793 of the Civil Practice Act provided an additional remedy for creditors in the matter of the collection of their judgment out of income.
In McDonnell v. McDonnell (281 N. Y. 480, 482) the court stated, “We think a creditor holding a particular judgment may resort to the remedy provided by section 684 of the Civil Practice Act or he may resort to the remedy provided by section 793.”
The application herein does not refer to any section of the Civil Practice Act.
The judgment debtor defaulted on this motion and left respondents to defend on the ground that the application could not be entertained without a specific application under section 793 of the Civil Practice Act for an order fixing the amount which defendant requires for the support of his family.
This motion is obviously made under section 794 of the Civil Practice Act since it seeks a third party to pay to the judgment creditor a sum on account of indebtedness, not exceeding the judgment, with interest and Sheriff’s costs.
As stated in Matter of Olson v. Olson (275 App. Div. 60, 64): “ The several sections of article 45 of the Civil Practice Act, relating to proceedings supplementary to judgment, are integrated. Section 792 sets the standard for measuring the income of the debtor which the creditor may reach in supplementary proceedings and exempts earnings to the extent that they appear to the court to be necessary for the reasonable requirements of the debtor and his family. The phraseology indicates that the debtor is expected to show the extent of his needs. Section 793 provides for the issuance of an order against the judgment debtor directing him to pay over his excess income, *1048 and section 794 provides for the issuance of an order against a third party directing him to pay over such excess income. Agreeing that the standard for determining excess income is the same in a proceeding under section 794 as under 793, we conclude that the judgment creditor may proceed under either or both, and that it is not necessary for him to proceed under section 793 separately before he may proceed under 794. The important thing is that the debtor have due notice of the application and an opportunity to make a showing of his needs. So long as that opportunity is given, it does not matter whether the application be labeled one under 793 or 794.”
The Union Bank of California fails to show that it has priority over the petitioner herein, to the funds in question.
Wanda Walt Owen under the separation agreement is merely another creditor of the said judgment debtor and has failed to show priority over the petitioner to the funds in question. The needs of the judgment debtor to comply with such agreement is purely personal to said judgment debtor and cannot be asserted by the wife whose sole remedy for support from her husband is under the separation agreement.
The argument of the third party is fully answered in Matter of Olson v. Olson (supra).
Accordingly, the motion is in all respects granted, but Without prejudice to judgment debtor rights under section 792 of the Civil Practice Act. The cross motion is in all respects denied.