In re Dale Irene VOGEL, Debtor.

James B. McCRACKEN, Trustee,
Plaintiff,

v.

MANUFACTURERS HANOVER TRUST
COMPANY, and George Dines, as Trustees of the Trust created for the benefit
of Dale Irene Jacobs, n/k/a Dale Irene
Vogel, Dale Irene Vogel and Chase Manhattan Bank, N.A., Defendants.

Bankruptcy No. 80–01644–BKC–SMW.
Adv. No. 81–0372–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

Dec. 29, 1981.

As Amended Feb. 1, 1982.

Reggie D. Sanger, Fort Lauderdale, Fla.,
for the bankruptcy trustee.

Irving Wolff, Miami, Fla., for debtor.

Barton D. Ford, Jackson Heights, N.Y.,
for Manufacturers Hanover Trust Co. and
George Dines.

Lewis Kanner, Miami, Fla., for Chase
Manhattan Bank.

Garrison du P. Lickle, New York City, for
Manufacturers Hanover Trust Co.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy
Judge.

THIS CAUSE coming on to be heard
upon a Complaint seeking a Declaratory
Judgment and Recovery of Funds filed
herein and the Court, having heard the
testimony and examined the evidence

presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The defendant/debtor, Dale Irene Vogel, (hereinafter referred to as the debtor) is a beneficiary of a trust created under the will of her father, Henry Feinberg, who died on October 19, 1971 (hereinafter referred to as the Feinberg trust). Under the terms of the trust, the defendant/co-trustees, the Manufacturer's Hanover Trust Company and George Dines, (hereinafter referred to as trustees), are directed to pay to the debtor, without discretion, the following sums:

a. All income from the principal in quarterly installments.

b. For the first 25 years after death, payment of $10,000.00 per year in semi-annual payments.

c. On the tenth anniversary date of death, payment of $50,000.00.

d. On the twentieth anniversary of death, payment of $50,000.00.

e. On the twenty-fifth anniversary of death, payment of the balance of the principal or $100,000.00, whichever is less.

By the terms of the Feinberg trust, any sums not payed to the debtor as directed above shall be divided equally among her children thus creating contingent beneficiaries with an interest in the trust. Under a stipulation of facts filed herein, the parties agreed that regular payments from the Feinberg trust ceased on or about February 22, 1980, when the Manufacturers Hanover Trust Company received a "Restraining Notice to Garnishee" relating to the debtor's interest in, or right to receive dividends from, the Feinberg trust. This garnishment, brought by Chase Manhattan Bank, N.A. in New York in an attempt to satisfy a judgment against the debtor in the amount of $401,330.33, was opposed by the trustees. The last payment of principal or income from the Feinberg trust to the debtor was on or about February, 1980, when the trustees stopped all payments and there have been no subsequent payments to the debtor. During the pendency of the garnishment proceedings, the trustees withheld, and continues to withhold, the following payments of income and principal which would have been made to the debtor:

| On or about: | | Income |
|---|---|---|
| April 19, 1980 | | $3,248.44 |
| July 19, 1980 | | 6,141.95 |
| October 19, 1980 | | 4,835.62 |
| January 19, 1981 | | 5,777.09 |
| April 19, 1981 | | 5,421.89 |
| July 19, 1981 | | 6,595.74 |
| | Total | $32,020.73 |
| Earned from July 20, 1981 to August 17, 1981: | | $1,310.00 |
| | Total | $33,330.73 |

| On or about: | Principal |
|---|---|
| April 19, 1980 | $5,000.00 |
| October 19, 1980 | 5,000.00 |
| April 19, 1981 | 5,000.00 |
| Total | $15,000.00 |

The principal remaining in the Feinberg trust as of September 14, 1981 (the approximate date of the stipulation of facts) was valued at $221,053.78 inclusive of $15,000.00 of principal payments, indicated above as withheld since February, 1980. The trust continues to earn at a rate of approximately $63.00 per day. On or about October 19, 1981 there was an additional principal payment of $55,000.00 due to the debtor. Commissions and fees are payable from the sums accumulated to date.

On November 6, 1980, an order was entered in New York adjudicating that the Feinberg trust was a Spendthrift trust under New York law and, as such, was subject to the statutory protections and exemptions afforded such a trust. That Court ruled that the beneficiary's interest in the income and principal of the trust is inalienable pursuant to Article "Thirteenth" of the will and assignment or attachment of any interest in the trust fund was specifically prohibited. However, that Court applied New York law, Civil Practice Law and Rules (CPLR) Section 5202(a)(1) finding that at least ten per cent (10%) of the trust income could be levied upon by judgment creditors once payment was made to the

debtor. Trust funds which have not vested in the debtor at the time of levy, remain exempt and immune to assault by judgment creditors. The New York Court further found that under CPLR 5205(d)(1), the ninety per cent (90%) which is exempt may be reached by creditors to whatever extent the funds are "unnecessary for the reasonable requirements of the judgment debtor and (her) dependents", Exhibit "B".

The New York Court ordered a hearing to determine what amount of the exempted funds exceeded the reasonable needs of the debtor. That action was stayed by the debtor's filing of the bankruptcy petition herein.

■ The Bankruptcy Code, 11 U.S.C. at Section 541(a)(1) is clear as to property of the debtor held in trust. Such property becomes property of the estate except to the extent that a restriction on transfer of a Spendthrift trust is enforceable under applicable non-bankruptcy law. The Court finds that applicable non-bankruptcy law in the instant case on issues directly pertaining to the Feinberg trust is governed by New York law. The trust was created in New York state, by a New York settlor, with New York trustees, with a res located in New York. The only connection with Florida is that the beneficiary presently lives in Florida. See *Hansen v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) and *Warner v. Florida Bank and Trust Company*, 160 F.2d 766 (1947).

The opinion of the New York Court is persuasive to this Court and will be followed on the issues which it addresses. The only remaining factual issue is the subject of the pending action to which the Court now turns its attention. This Court must decide what are the reasonable requirements of the debtor and her dependents and whether the payments of income and principal from the Feinberg trust exceed these requirements. If, as the bankruptcy trustee contends, there is a surplus the debtor's judgment creditors are entitled to that surplus under the New York decree. See 36 A.L.R.2d 1215, 1217 Section 2; *In re Brown's Estate* (Sup.) 35 N.Y.S.2d 646 aff'd 264 App.Div. 824, 35 N.Y.S.2d 738.

■ The New York statute which authorizes the subjection of surplus income of a trust to creditors of the beneficiary does not define precisely the standard to be applied in determining the extent of support to which a beneficiary is entitled or to determine the amount available to creditors. Such a determination depends largely upon the particular facts of each case. 76 Am. Jur.2d *Trusts*, Section 173, pg. 409.

■ The evidence presented by the debtor as to her reasonable needs is unpersuasive and contradictory within itself. The debtor stated in her affidavit of May, 1980, that her trust income was the sole support of her family, yet her schedules do not reflect creditors in areas related to normal monthly household expenses. The debtor listed expenses for seven children in her summary of yearly expenses (defendant's Exhibit C) offered, in support of her contention, that her reasonable yearly expenses total $95,000.00. The debtor's 1978 and 1979 income tax returns show that the debtor claimed only three minor children as dependents. One of the three children has left the debtor's home and lives presently with his natural father in New Jersey. The debtor attributed $6,000.00 of expenses to the maintainance of this child and while this seems excessive for a child which is not living at home and which the debtor is not under Court order to support when living with his father, this child is the natural child of the debtor and some amount of support for the child is justifiable. The Court finds that $6,000.00 is reasonable support. Also listed is an expense of $28,000.00 for alimony and child support, a legal obligation of the debtor's husband. The Court finds that this is not a reasonable expense of the debtor who is neither the natural or adoptive parent of the children involved. *Taylor v. Taylor* (1973, Fla.App.D.4) 279 So.2d 364; *Bostwick v. Bostwick* (1977 Fla. App.D.1) 346 So.2d 150. The debtor has also listed support for several of her husband's adult children who do not live at home. By subtracting the alimony and child support payment and maintainance of

children which the debtor is under no legal obligation to support, the debtor's annual expenses are reduced to $59,250.00 which the Court finds to be reasonable. While the Court is aware of this family's usual standard of living, such a standard of living should not be maintained at the creditor's expense. The Court finds that the underlying policy of the New York statute permitting judgment creditors to reach excess income and principal of a trust is that "no man should be permitted to live at the same time in luxury and in debt." *In re Chusid's Estate*, 1969, 60 Misc.2d 462, 301 N.Y.S.2d 766.

▆▆ In determining the reasonable needs of the beneficiary, the Court may consider total income and support from all sources. *In re Ostergren's Will*, 49 Misc.2d 894, 268 N.Y.S.2d 906; *In re Cramer's Estate*, 166 Misc. 713, 3 N.Y.S.2d 75. The Court finds from an examination of the schedules filed in the debtor's bankruptcy, the schedules of the debtor's husband and the 1978 and the 1979 joint income tax returns, that the debtor's income is not the sole source of funds to pay household expenses. The debtor's husband contributes also to their support. In the last nine month period, the debtor's husband has earned approximately $52,000.00. Even assuming there will be no further income from the husband this year, the debtor's revised household expenses would only exceed the family income by approximately $7,000.00. This is half of the anticipated yearly income and principal from the trust fund.

Based on these figures, the Court finds that fifty per cent (50%) of the quarterly income installments and fifty per cent (50%) of the semi-annual principal payments accumulated under the New York garnishment is unnecessary to meet the reasonable needs of the debtor and her dependants. As such, these monies constitute property of the estate. Further, based on these calculations, the Court finds that the $50,000.00 payment of principal on October 19, 1981 is above the reasonable needs of the debtor and thus becomes property of the estate.

The Court is aware that while it is legally possible to order a continuing levy of the trust payments as they become due to the debtor, it is not advisable to do so as protraction of these proceedings is not in the creditor's or the debtor's best interest. Therefore, the Court will order that fifty per cent (50%) of all quarterly payments and principle payments accumulated to date and one hundred percent (100%) of the $50,000.00 anniversary payment of October 19, 1981 shall become property of the estate and that the trustee in bankruptcy shall have no further right to funds of the Feinberg trust outside these amounts. A final judgment will be entered in accordance with these findings and conclusions.