■ VANDERBILT CREDIT CORP., Respondent, v CHASE MANHATTAN BANK, N. A., Respondent, and CHARLES LEVY, Appellant. LOUISE GOLD, Nonparty Appellant. — In a special proceeding pursuant to CPLR 5225 (subd [b]) and CPLR 5227, to enforce a money judgment, (1) judgment debtor Louise Gold appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated December 17, 1982, which denied her application, *inter alia,* to intervene in the proceeding; (2) Louise Gold and Charles Levy appeal from an order of the same court, also dated December 17, 1982, which denied Charles Levy's application for leave to appear and answer the petition, and granted petitioner's application for an order directing the transfer to it of certain funds held by Charles Levy, as trustee, and Chase Manhattan Bank, N. A., as custodian, in which the judgment debtor Louise Gold has an interest and (3) Louise Gold and Charles Levy appeal from an order and judgment (one paper) of the same court, entered December 23, 1982, which, *inter alia,* awarded the petitioner the principal sum of $123,536.66 from those funds. ¶ Appeals from the orders dated December 17, 1982 dismissed (see *Matter of Aho,* 39 NY2d 241, 248). ¶ Order and judgment (one paper), entered December 23, 1982, reversed, on the law and as a matter of discretion, order dated December 17, 1982, which, *inter alia,* denied Louise Gold's application, and so much of the order dated December 17, 1982, as directed Chase Manhattan Bank and Charles Levy to transfer to petitioner certain moneys held by them in which Louise Gold has an interest, are vacated; Louise Gold's application to intervene is granted, and the matter is remitted to Special Term for further proceedings in accordance herewith. Pending a determination of the intervenor's affirmative defense of payment, petitioner is stayed from entering a default judgment against respondent Chase Manhattan Bank and trustee Charles Levy. ¶ Louise Gold is awarded one bill of costs payable by petitioner-respondent. ¶ Petitioner Vanderbilt Credit Corp. (Vanderbilt) commenced this special proceeding pursuant to CPLR 5225 and 5227 against the Chase Manhattan Bank and Charles Levy

to enforce a money judgment by confession entered against Louise Gold, as guarantor of promissory notes executed in accordance with a loan agreement between Vanderbilt, as creditor, and certain corporations operating a fleet of medallion taxicabs. The debtor corporations had defaulted and a trustee had been appointed to sell the collateral and apply the proceeds to the corporate debts pursuant to a "Trust Agreement" and a "Memorandum of Agreement". According to Vanderbilt, after distribution of the proceeds from the sale of the collateral, there remained due on the judgment a deficiency of $123,526.66 as of April 1, 1982, excluding interest and attorney's fees. ¶ The subject of this turnover proceeding is the corpus of a trust account located at Chase Manhattan Bank. Judgment debtor Gold is the settlor and a beneficiary of said trust and her brother Charles Levy is the trustee. ¶ By orders, both dated December 17, 1982, Special Term, *inter alia,* denied Louise Gold's application to intervene in the proceeding and denied Charles Levy's motion to serve an untimely answer. ¶ Since the trust account constitutes a debt owed by the bank, CPLR 5227, which provides that a special proceeding may be commenced by the judgment creditor "against any person who it is shown is or will become indebted to the judgment debtor", is the applicable statute (*Matter of Trevor,* 309 NY 389, 393; *Michigan Assoc. v Emigrant Sav. Bank,* 74 Misc 2d 495). No intervention in a special proceeding shall be allowed, except by leave of the court (CPLR 401). Where a specific provision, such as CPLR 5227, authorizes intervention in a special proceeding, it pre-empts the general intervention provisions set forth in CPLR 1012 and 1013 (see CPLR 103, subd [b]; Siegel, NY Prac, § 179, p 219, n 8). CPLR 5227 expressly provides that "[t]he court may permit the judgment debtor to intervene in the proceeding" and requires notice to be given to "the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested", in order to ensure that the judgment debtor will have an opportunity to present any meritorious defense he may have to an order directing payment to the judgment creditor (6 Weinstein-Korn-Miller, NY Civ Prac, par 5227.10). Intervention under CPLR 5227 is permissive as evidenced by the phrase "may permit". If the defenses pleaded in the movant's proposed answer are without merit, a denial of the application would be warranted because intervention would merely serve to unduly delay the determination of a summary proceeding and prejudice a substantial right of the judgment creditor to receive payment. After reviewing a copy of the movant's proposed answer, we disagree with Special Term's conclusion that all the defenses proffered by Gold were either without merit or could not be litigated in a summary proceeding. ¶ Initially we note that Gold's proposed answer to paragraphs 17 through 19 of Vanderbilt's petition, alleging that the trust account is not exempt property and constitutes a fraudulent conveyance, consists of general denials and does not raise a meritorious defense so as to warrant intervention. Further, Gold does not deny paragraphs 14 and 15 of the petition and thus admits that she is the settlor and beneficiary of the subject trust account, that the trust account was established pursuant to a trust agreement, dated August 10, 1981, and that it was funded by Gold with a certificate of deposit. ¶ The first article of the trust agreement between Louise Gold and Charles Levy provided, in part, that the trustee shall pay the net income or, if in the discretion of the trustee the net income is not sufficient, portions of the principal to the settlor for the term of her life and upon the settlor's death, the principal shall be paid to the settlor's children. The seventh article declares the *inter vivos* trust to be irrevocable and that "the Trustee, in his sole discretion, may distribute and pay over the property to the Settlor". The fifth article contains a spendthrift clause. ¶ Neither the income nor the principal of this trust is exempt from the claims of judgment creditor Vanderbilt pursuant to CPLR 5205 (subds [c], [d], par 1), because those statutory

provisions control only where the beneficiary of a spendthrift trust is a person other than the settlor. ¶ EPTL 7-3.1 provides that "[a] disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator". This statute merely codifies the rule, applicable in all jurisdictions that recognize spendthrift trusts, that a property owner cannot utilize a spendthrift trust to insulate his assets from the reach of present or future creditors. The settlor's creditors need not allege or prove the trust is a fraudulent conveyance before they are permitted to reach the full amount of the beneficial interest retained by the settlor (see *Dillon v Spilo,* 275 NY 275; *Schenck v Barnes,* 156 NY 316; 2 Scott, Trusts [3d ed], §§ 156-156.2; Rohan, Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 7-3.1, p 109 [1982-1983 Pocket Part]). Consequently, under EPTL 7-3.1, the spendthrift clause is void as against judgment creditor Vanderbilt and the full amount of her beneficial interest may be reached by it. In accordance with the terms of the trust, Gold is to receive all the net income. As to the principal, Gold, as settlor, created a discretionary trust for her benefit. Since no standard by which to measure insufficiency of the net income is provided, the trustee has absolute discretion whether or not to pay any amount of the principal to the settlor-beneficiary and not merely discretion as to the time and method of payment (2 Scott, Trusts [3d ed], § 128.3). Where there is a discretionary trust, the law is clear that a creditor of a beneficiary, who is not the settlor, cannot compel the trustee to pay any part of the income or principal to the beneficiary (see *Matter of Sand v Beach,* 270 NY 281; *Hamilton v Drogo,* 241 NY 401; *Matter of Duncan,* 80 Misc 2d 32; *Matter of Owen,* 44 Misc 2d 842; 2 Scott, Trusts [3d ed], § 155). However, when a person creates for his own benefit a discretionary trust, his creditors can reach the maximum amount which the trustee under the terms of the trust *could* pay to him or apply for his benefit, even though the trustee in the exercise of his discretion wishes to pay nothing to the beneficiary or to his creditors, and even though the beneficiary could not compel the trustee to pay him anything (see *Ware v Gulda,* 331 Mass 68; *State Street Bank & Trust Co. v Reiser,* 389 NE2d 768 [Mass]; *Greenwich Trust Co. v Tyson,* 129 Conn 211; Restatement, Trusts 2d, § 156, subd [2]; 2 Scott, Trusts [3d ed], § 156.2; contra *Herzog v Commissioner of Internal Revenue,* 116 F2d 591). ¶ It is irrelevant that in creating the discretionary trust for her benefit the settlor did not intend to defraud her creditors or was solvent at the time of the creation of the trust. It is against public policy to permit the settlor-beneficiary to tie up her own property in such a way that she can still enjoy it but can prevent her creditors from reaching it. Since the trust agreement granted the trustee the power to invade the corpus and to pay the entire principal to settlor Gold, judgment creditor Vanderbilt may reach the corpus without proving the trust constituted a fraudulent conveyance. ¶ Nor did the first or second affirmative defense in Gold's proposed answer provide a basis for granting her application for intervention. Proof of the first affirmative defense is concededly barred by the parol evidence rule (see *McCabe v Allboro Excavation Co.,* 31 Misc 2d 721) and the second affirmative defense constitutes a collateral attack upon the money judgment, which cannot be litigated in a special proceeding pursuant to CPLR 5227 (*Michigan Assoc. v Emigrant Sav. Bank,* 74 Misc 2d 495, 497, *supra*). However, a liberal reading of the third affirmative defense raises a viable defense of payment of the money judgment. If the judgment has been extinguished by satisfaction, it cannot serve as the basis for an enforcement proceeding. Unlike section 794 of the former Civil Practice Act, a proceeding under CPLR 5227, when read in conjunction with CPLR 410, approaches a plenary action and any disputed issue of fact may be determined in the special proceeding itself (*Suffolk Auto Liquidators v Eastern Auto Auction,* 74 Misc 2d 411; 6 Weinstein-Korn-Miller, NY Civ Prac, par

5227.08; *Matter of Ruvolo v Long Is. R. R. Co.,* 45 Misc 2d 136). Consequently, it was an improvident exercise of discretion to have denied Gold's application to intervene to assert a defense of payment. Special Term should conduct a trial regarding this issue pursuant to CPLR 410, or refer it to an official referee to hear and report, pursuant to CPLR 4212, or to determine, pursuant to CPLR 4317 (see *Kahigas v Hannigan,* 84 NYS2d 30). ¶ With respect to the denial of trustee Levy's motion for leave to serve an untimely answer, we do not accord much weight to a letter, dated October 13, 1982, from Vanderbilt's counsel to Levy's counsel. The letter contained a reminder to Levy's counsel that the proceeding had been marked final by the clerk and answering papers had to be served at least five days prior to the December 14, 1982 return date if approval of a proposed settlement from a State agency was not forthcoming. We are of the opinion that said letter was ambiguous since several prior adjournments had been granted to await the agency's approval and since settlement negotiations to dispense with the agency's approval were conducted approximately eight days prior to December 14, 1982. Under these circumstances, Levy's counsel's alleged misunderstanding of his adversary's consent to withdraw the petition without prejudice on the return date may suffice as a reasonable excuse for the five-day delay in serving an answer (see *Grincato v Sbarra,* 54 AD2d 685). Nevertheless, it was not improper to deny Levy's motion to serve an untimely answer since no affidavit of merit was proffered and a perusal of the proposed answer disclosed that it does not assert a meritorious defense for the same reasons that the denials in Gold's proposed answer failed to raise a meritorious defense to Vanderbilt's petition to the extent that it alleged that the trust constituted a fraudulent conveyance. Levy's answer admits that Gold was both the settlor and a beneficiary of a trust established pursuant to an agreement, dated August 10, 1981. Consequently, the trust corpus is not insulated from the reach of Gold's judgment creditor. ¶ Since Gold should be allowed to intervene to assert the affirmative defense of payment, petitioner is hereby stayed from entering a default judgment against the Chase Manhattan Bank and Charles Levy pending a determination of said issue. In the event the intervenor is successful on her defense of payment, the turnover proceeding must be dismissed and said dismissal will have the result of barring the entry of judgment against the defaulting parties. Mollen, P. J., Weinstein, Brown and Rubin, JJ., concur.