■ ALLIED PLYWOOD CORPORATION, Respondent, v G.S.W. MFG., LTD., Defendant, and JOSEPH GRASSO, Appellant.—In a proceeding by a judgment creditor pursuant to CPLR 5227, Joseph Grasso appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated September 8, 1988, which is in favor of Allied Plywood Corporation and against him in the principal sum of $47,457.07.

Ordered that the judgment is affirmed, with costs.

On April 18, 1987, Allied Plywood Corporation (hereinafter Allied) obtained a judgment against G.S.W. Mfg., Ltd. (hereinafter GSW) for $42,090.52. Pursuant to CPLR 5227, Allied sought satisfaction of the judgment from Joseph Grasso, the president and sole shareholder of GSW, on the ground that Grasso owed GSW $228,147. Grasso opposed the proceeding on the theory that he was actually a net creditor of GSW. He claimed that there were mortgages on his property totaling approximately $1,413,000, on which GSW was the borrower, and which he assumed and paid off when he sold the property for $3,200,000. Allied urged that the mortgage debt really

constituted a personal obligation and that its satisfaction was not a payment of the debt of GSW.

We agree with the finding of the Supreme Court that the record demonstrates that the loans benefited Grasso personally and thus their payment constituted payment of personal debt, not corporate debt. Accordingly, pursuant to CPLR 5227, judgment was properly granted to Allied. Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.