In re David R. CAMERON, Debtor.

Patricia DZIKOWSKI, Trustee, Plaintiff,

v.

Robert C. EDMONDS, Trustee and David R. Cameron, Defendants.

Bankruptcy No. 96–34302–BKC–PGH.
Adversary No. 97–1049–BKC–PGH–A.

United States Bankruptcy Court,
S.D. Florida,
Fort Lauderdale Division.

May 4, 1998.

---

**22**

Leslie S. Osborne, Boca Raton, Florida, for Defendant.

John L. Walsh, Lauderhill, Florida, for Plaintiff.

### ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS–MOTION FOR PARTIAL SUMMARY JUDGMENT

PAUL HYMAN, Jr., Bankruptcy Judge.

**THIS MATTER** came before the Court upon the Robert C. Edmonds, Trustee's, Motion for Summary Judgment and Patricia Dzikowski, Trustee's Cross–Motion for Partial Summary Judgment. The Court finds that there are no material facts in dispute and that summary judgment is appropriate. *Clemons v. Dougherty Co.*, 684 F.2d 1365, 1368 (11th Cir.1982) *citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The Court has reviewed the pleadings presented, the cases cited therein, and the arguments presented by counsel and hereby enters the following findings of fact and conclusions of law.

### UNDISPUTED MATERIAL FACTS

The Debtor herein, David R. Cameron (the "Debtor"), filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 17, 1996. Patricia Dzikowski, Trustee (the "Trustee") is the duly appointed and qualified chapter 7 trustee for the Debtor's bankruptcy estate. The Debtor died on No-

vember 7, 1997. Robert C. Edmonds (the "Defendant") is the trustee of a trust created by a Declaration of Trust executed on May 15, 1992 by David R. Cameron, Grantor and Robert C. Edmonds, Trustee (the "Self–Settled Trust"). The Defendant is also the trustee of a trust created by the Last Will and Testament of Irene H. Cameron, Deceased (the "Testamentary Trust"). The Debtor is the beneficiary of both the Self–Settled Trust and the Testamentary Trust which are the subjects of the Motion and the Cross–Motion for Summary Judgment.

The Debtor endowed the Self–Settled Trust with his own assets. The Self–Settled Trust contains, in relevant part, the following provisions: (1) pursuant to Article First, payment of net income to or for the benefit of the Grantor, in convenient installments but at least quarterly, during the life of the Grantor; (2) pursuant to Article Second, the Fidelity Lodge and Cornerstone Lodge are remaindermen to take in equal shares any assets remaining in the Self–Settled Trust after David R. Cameron's death; (3) pursuant to Article Third, the Trustee is authorized in his sole discretion, to pay to, or apply to the use of, the Grantor, any part or all of the principal of the Self–Settled Trust without taking into account other sources available to the Grantor; and (4) pursuant to Article Tenth, the Self–Settled Trust is to be construed and enforced in accordance with the laws of the State of New York.[1]

The Testamentary Trust provides, in relevant part, for payment of trust income to the Debtor at least quarterly pursuant to Article Fourth, Paragraph C of the Last, Will and Testament of Irene H. Cameron.

The Complaint asserts that the Self–Settled Trust and the Testamentary Trust are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541. Counts one and two seek a turnover of the assets in the respective trusts and an accounting of the trust assets, pursuant to 11 U.S.C. § 543(b)(2), by the Defendant. The third count seeks a return of all funds paid out of the Testamentary Trust within 180 days fol-

---

1. The Complaint concedes that the Self–Settled Trust and the Testamentary Trust are to be con-

strued and enforced in accordance with the laws of the State of New York.

lowing the filing of the Debtor's bankruptcy petition.

Defendant filed a Motion for Summary Judgment seeking the dismissal of the Complaint and denial of the relief sought by the Trustee. The Defendant argues that both the Testamentary Trust and the Self–Settled Trust are excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) because they are subject to restrictions on transfer under applicable nonbankruptcy law as provided by the laws of the State of New York. Accordingly, the Defendant asserts that because both the Self–Settled Trust and the Testamentary Trust are excluded from the Debtor's bankruptcy estate, an 11 U.S.C. § 543(b)(2) accounting is not appropriate. Furthermore, Defendant argues that pursuant to New York Law, Civil Practice Law and Procedure § 5205(d)(1), ninety percent (90%) of the Testamentary Trust income disbursed to the Debtor within 180 days following the filing of the Debtor's bankruptcy petition is exempt.

As an additional ground for summary judgment, the Defendant asserts that the Trustee's Complaint must be dismissed for failure to join the Fidelity and Cornerstone Lodges, the two contingent beneficiaries of the Self–Settled Trust, as indispensable parties to this action. The Defendant alleges that neither Lodge has filed a claim in the Debtor's estate and thus are not subject to this Court's jurisdiction.

Responding with a Cross–Motion for Partial Summary Judgment, the Trustee claims that summary judgment is proper with respect to (1) turnover and an accounting for the Self–Settled Trust, (2) turnover and an accounting for property the Debtor acquired or became entitled to acquire from the Testamentary Trust within 180 days following the filing of the Debtor's bankruptcy petition, and (3) turnover and an accounting for at least ten percent (10%) of all distributions received by the Debtor beyond 180 days post-petition.

Subsequent to the filing of the Motion and Cross–Motion for Summary Judgment, the parties have stipulated to two issues. First, the Trustee has conceded that the principal of the Testamentary Trust is not part of the bankruptcy estate. Second, the Defendant has stipulated that payments received by the Debtor from the Testamentary Trust within 180 days following the filing of the Debtor's bankruptcy petition are property of the bankruptcy estate. Accordingly, subject to these stipulations, the following issues remain to be resolved and the Court will rule on each in turn: whether the corpus of the Self–Settled Trust is property of the bankruptcy estate; whether at least ten percent (10%) of the Testamentary Trust disbursements beyond 180 days post-petition are property of the bankruptcy estate; whether an accounting of both of the trusts is appropriate; and whether the Trustee's Complaint should be dismissed for failure to join indispensable parties.

## CONCLUSIONS OF LAW

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and this is a core proceeding pursuant to the provisions of 11 U.S.C. § 157(b)(2). The Court will apply the laws of the State of New York in determining the Motion and Cross–Motion for Summary Judgment in accordance with the Complaint.

Under the Bankruptcy Code, all property "wherever located and by whomever held" in which the debtor has a legal or equitable interest becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(1993). As the legislative history demonstrates, the sweep of this section was intended to include a broad range of property. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). It is from this central core of estate property that the Debtor's creditors are to be paid. The reach of § 541, however, is curtailed by § 541(c)(2) which states:

> A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

Section 541(c)(2) serves to exclude a debtor's beneficial interest in a trust from the bankruptcy estate if the trust is subject to a transfer restriction enforceable under "non-

bankruptcy law". *See Kaler v. Craig (In re Craig)*, 204 B.R. 756, 757 (D.N.D.1997).

### I. The corpus of the Self–Settled Trust is not excluded from the Debtor's bankruptcy estate

The Defendant argues that the Self–Settled Trust is subject to a transfer restriction under New York State law, applicable non-bankruptcy law, and is therefore exempt from the Debtor's bankruptcy estate under 11 U.S.C. § 541(c)(2). This Court disagrees.

 It is axiomatic that under New York Law, self-settled trusts are void against both present and future creditors and a debtor may not avoid his creditors, or future creditors, by placing his property in trust for his own benefit. *See Dillon v. Spilo*, 275 N.Y. 275, 279, 9 N.E.2d 864 (N.Y.1937) ("[i]t is only where a third party establishes the trust that the income of the beneficiary may not be reached to satisfy claims of creditors."); *In re de Kleinman*, 172 B.R. 764, 772 (Bankr.S.D.N.Y.1994). The statute which governs self-settled trusts in New York provides that "[a] disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator." N.Y. Est. Powers & Trusts ("EPTL") § 7–3.1(a) (McKinney 1997) (formerly Personal Property Law § 34). This statute codifies the rule that a property owner cannot utilize a spendthrift trust to insulate his assets from the reach of present or future creditors. *Vanderbilt Credit Corp. v. Chase Manhattan Bank N.A.*, 100 A.D.2d 544, 546, 473 N.Y.S.2d 242 (N.Y.App.Div.2d 1984). This principle applies without regard to whether there has been any fraud or other wrongdoing by the debtor, as settlor of the trust. *Id.*

However, the Defendant cites *In re Bourne's Will*, 4 Misc.2d 610, 158 N.Y.S.2d 1009 (N.Y.Sur.Ct.1957), wherein the Surrogate Court interpreted Personal Property Law § 34, the predecessor to EPTL § 7–3.1, which avoided transfers which were wholly for the use of the grantor. In *Bourne's Will*, the Surrogate Court determined that if the transfer of the assets into the trust at issue was not wholly for the use of the settlor, then the trust was valid even though the settlor retained some interest therein. *Bourne's*

*Will,* 158 N.Y.S.2d at 1012. The Surrogate Court held that because the subject trust indenture provided for a life estate in the grantor and a remainder interest in his surviving issue, the trust "was not wholly for the use of the settlor", *id.*, and thus did not fall within the ambit of Personal Property Law § 34 and could not be invaded for the payment of creditors.

The Defendant analogizes the Self–Settled Trust to the trust instrument in *Bourne's Will* because the Self–Settled Trust provides a life estate for the Debtor and a remainder interest in the Fidelity and Cornerstone Lodges. Thus, the Defendant asserts that the Self–Settled Trust was not "wholly for the use of the settlor." *Id.* While this comparison is correct, the Defendant's argument still fails. The Self–Settled Trust affords more discretion to the trustee with respect to the principal of the trust than the trust instrument in *Bourne's Will*. In addition to providing a life estate in the Debtor and remainder interest in the two lodges, the Self–Settled Trust allows the Defendant to "pay to or apply to the use of [the Debtor] any part or all of the principal of such trust." (Self–Settled Trust at p. 2.) In *Bourne's Will*, the lifetime beneficiary could not receive any of the principal of the trust. He possessed only a general testamentary power of appointment over the principal of the trust, without any right to reach or control the disposition of the principal during his life. *Id.*

 New York law is unequivocal that a creditor's right to invade the trust corpus to satisfy a judgment is determined by the wording of the declaration of trust. *Marine Midland Bank v. Portnoy, (In re Portnoy)*, 201 B.R. 685, 698 (Bankr.S.D.N.Y.1996). For example, a judgment creditor may reach the corpus of the trust if the trust agreement grants the trustee the power to invade the corpus and pay the entire principal to the settlor. *Id.* Thus, the language of a declaration of trust and the amount of discretion accorded to the trustee therein determines the scope of a creditor's reach into the corpus of a trust.

In *Vanderbilt Credit Corp. v. Chase Manhattan Bank, N.A.*, the Supreme Court of

New York, Appellate Division, held that with respect to a self-settled trust, the scope of a creditor's reach was as large, or as narrow, as the trustee's ability to reach into the corpus of a trust. *Vanderbilt*, 100 A.D.2d at 546, 473 N.Y.S.2d 242. The trust in *Vanderbilt* provided that the settlor/beneficiary was to receive all of the net income of the trust. *Id.* As to the principal, the settlor/beneficiary created a discretionary trust for her own benefit; the trustee had absolute discretion whether or not to pay **any amount, or all, of the principal** to the settlor/beneficiary. *Id.* (emphasis added) The Court found that since the trust agreement granted the trustee the power to invade the corpus and to pay the entire principal to the settlor, then the judgment creditor could reach the corpus without proving the trust constituted a fraudulent conveyance. In so holding, the court reasoned that

> [i]t is irrelevant that in creating the discretionary trust for her benefit the settlor did not intend to defraud her creditors or was solvent at the time of the creation of the trust. It is against public policy to permit the settlor-beneficiary to tie up her own property in such a way that she can still enjoy it but can prevent her creditors from reaching it.

*Id.* at 546, 473 N.Y.S.2d 242.

■ Thus, when a person creates a discretionary trust for his own benefit, his creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit, even though the trustee in the exercise of his discretion wishes to pay nothing to the beneficiary or to his creditors, and even though the beneficiary could not compel the trustee to pay him anything. *Id.; In re Portnoy*, 201 B.R. 685, 700 (Bankr.S.D.N.Y.1996); *but see Herzog v. Comm'r of Internal Revenue*, 116 F.2d 591 (2d Cir.). Likewise, in *In re Portnoy*, the bankruptcy court determined that, under New York law, the debtor's self-settled trust was property of the bankruptcy estate because the trustee had the ability to appoint the whole of the trust and its income to the debtor, the principal beneficiary, who retained the exclusive power to dismiss the

trustee and appoint another. *In re Portnoy*, 201 B.R. at 698.

■ Under the foregoing rule and because Article Third of the Self–Settled Trust provides that "[t]he Trustee is authorized . . . to pay to, or apply to the use of, the Grantor for his health, maintenance, or support, or for any other reason, any part or all of the principal of such trust as the trustee may determine in his sole discretion . . ." (Self–Settled Trust at p. 2.), the Trustee is entitled to the entire principal of the Self–Settled Trust.

Thus, § 541(c)(2) is inapplicable to the Self–Settled Trust because, under New York law, there is no longer a restriction on transfer since the Defendant is accorded discretion to give the entire principal of the Self–Settled Trust to the Debtor. Accordingly, the Self–Settled Trust is property of the bankruptcy estate under 11 U.S.C. § 541(a)(1) and the Trustee is entitled to turnover thereof. Moreover, because the assets comprising the Self–Settled Trust are determined to be property of the bankruptcy estate, the trustee is entitled to an accounting pursuant to 11 U.S.C. § 543(b)(2).

## II. The Trustee is entitled to turnover of at least ten percent (10%) of the Post–Petition Disbursements from the Testamentary Trust

■ Although the Bankruptcy Code specifically includes certain types of property within the estate, state law must be used to determine the status of property which is not specifically addressed by the Bankruptcy Code, such as trust income distributions received by the Debtor beyond 180 days post-petition. The state law statute applicable to this issue is New York Civil Practice Law and Rules ("CPLR") § 5205, it provides, in relevant part, as follows:

> (c) **Trust exemption.** 1. . . . all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.

(d) **Income Exemptions.** The following personal property is exempt from application to the satisfaction of a money judgment, except as such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents:

1. Ninety percent of the income or other payments from a trust the principal of which is wholly exempt under subdivision (C); [2]

N.Y.C.P.L.R. § 5205 (McKinney 1997). Under New York law, creditors are entitled to recover at least ten percent (10%) of all trust income and principal payments received by a debtor until the debt for which recovery is sought is satisfied. Id. By virtue of its plain language, CPLR § 5205(d)(1) is applicable only where the beneficiary of a spendthrift trust is a person other than the settlor. The Testamentary Trust satisfies this requirement. Therefore, in addition to recovering all distributions received by the Debtor within 180 days following the filing of the Debtor's bankruptcy petition, pursuant to 11 U.S.C. § 541(a)(5)(A), the Trustee is also entitled to recover a portion of all distributions, income and/or principal, made beyond 180 days post-petition.

■ The amount to which the Trustee is entitled is determined by the application of CPLR § 5205(d)(1). *See McCracken v. Mfrs. Hanover Trust Co., (In re Vogel)*, 16 B.R. 670 (Bankr.S.D.Fla.1981) (applying New York law). The trust instrument in *Vogel* is analogous to the Testamentary Trust before this Court. In *Vogel*, the beneficiary of the spendthrift trust was similarly not the settlor thereof, and thus the use of CPLR § 5205(d)(1) in *Vogel* was appropriate, as it is here. The plain language of CPLR § 5205(d)(1) provides that ten percent (10%) of trust payments made available to creditors only represents the absolute minimum: "[t]he following personal property is exempt from application to the satisfaction of a money judgment, **except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents.**" N.Y.C.P.L.R. § 5205(d) (McKinney 1997) (emphasis added). For example, in *Vogel*, the Court analyzed the debtor's income from all sources and determined that fifty percent (50%) of the quarterly income installments and fifty percent (50%) of the semi-annual principal payments accumulated under the New York garnishment is unnecessary to meet the reasonable needs of the debtor and her dependents. *Vogel*, 16 B.R. at 673. As such, the Court found that the remaining fifty percent (50%) of the monies constituted property of the debtor's bankruptcy estate. *Id.* Thus, a court can increase the percentage available to judgment creditors upon finding that any portion of the trust payments were unnecessary to meet the debtor's reasonable requirements. *Id.* (stating "that the underlying policy of the New York statute permitting judgment creditors to reach excess income and principal of a trust is that 'no man should be permitted to live at the same time in luxury and in debt.'" *citing In re Chusid's Estate*, 60 Misc.2d 462, 301 N.Y.S.2d 766 (N.Y.Sur.Ct.1969)). The amount of surplus available for the estate depends largely upon the particular facts of each case, and is to be determined after the presentation of evidence to the court. *Id.* at 672. In determining the reasonable needs of the debtor, a court may consider total income and support from all sources. *Id.* at 673 *citing In re Ostergren's Will*, 49 Misc.2d 894, 268 N.Y.S.2d 906 (N.Y.Sur.Ct.1966).

Thus, in accordance with the foregoing, this Court finds that the Trustee is entitled to Summary Judgment declaring that at least ten percent (10%) of the Testamentary Trust distributions, of both income and principal, made beyond 180 days post-petition are property of the estate. This Court retains jurisdiction to determine what portion of the Testamentary Trust distributions, if any, represent surplus income, which will become part of the Debtor's bankruptcy estate under CPLR § 5205(d)(1).

---

**2.** This section was amended in 1989 specifically to prevent a bankruptcy court from directing money from the debtor's Keogh or other retirement fund into the hands of non-family creditors. The amendment makes such money completely exempt, instead of 90% exempt, and removes all discretion from the court to invade any part of the income even upon a finding that family needs are satisfied. The amendment does not apply to the type of trust at issue in this case.

## IV. Indispensable Parties

■ The Defendant maintains that the Fidelity Lodge and the Cornerstone Lodge are indispensable parties to this adversary proceeding, and therefore the Complaint must be dismissed for failure to join them. Although not cited by the Defendant, this argument is presumably raised under Federal Rule of Civil Procedure 19(a), applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 7019. Bankruptcy Rule 7019(a) generally provides that a person shall be joined as a party to an action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) impede that person's ability to protect that interest or (II) leave any of the current parties subject to a risk of double jeopardy. *See* Bankr.R. 7019(a). Because this Court has already determined that, based on the language of the declaration of the trust, the Self–Settled Trust is property of the bankruptcy estate, none of the factors set forth in Rule 7019 for mandatory joinder are met. The contingent remainder interest bequeathed to the Cornerstone Lodge and Fidelity Lodge as successor beneficiaries never vested because the Self–Settled Trust became part of the bankruptcy estate prior to the occurrence of the contingency. Therefore, the Defendant's Motion for Summary Judgment is denied and the Defendant's request that the Complaint be dismissed for failure to join indispensable parties is denied.

## CONCLUSION

In accordance with the foregoing, this Court finds that the Self–Settled Trust is not excluded from the bankruptcy estate by an 11 U.S.C. § 541(c)(2) restriction on transfer, and is thus property of the bankruptcy estate under 11 U.S.C. § 541(a)(1). Accordingly, an accounting of the Self–Settled Trust pursuant to 11 U.S.C. § 543(b)(2) is appropriate. Under Federal Rule of Civil Procedure 19, made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7019, the Defendant's request that the Complaint be dismissed for failure to join indispensable parties is denied. Lastly, the Trustee is entitled to a turnover, under CPLR § 5205(d)(1), and accounting of, at least ten percent (10%) of all distributions received by the Debtor from the Testamentary Trust beyond 180 days post-petition. A further inquiry will be conducted by this Court to determine what additional portion of the income or principal disbursements, if any, may constitute property of the estate pursuant to CPLR § 5205(d)(1).

## ORDER

In accordance with the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. As to the turnover and accounting of the Self–Settled Trust, the Defendant's Motion for Summary Judgment is Denied and the Trustee's Cross–Motion is Granted.

2. As to the turnover of at least ten percent (10%) of the Testamentary Trust disbursements beyond 180 days post-petition, the Trustee's Cross–Motion for Summary Judgment is Granted. The Court reserves jurisdiction to determine what additional portion of the disbursements, if any, were necessary to meet the Debtor's reasonable requirements during his life. The hearing on said issue will be tried by a Visiting Judge in accordance with the Order Setting Trial Before the Visiting Judge previously entered by this Court.

3. As to whether the Complaint should be dismissed for failure to join indispensable parties, the Defendant's Motion for Summary Judgment is Denied.

4. A separate Final Judgment will be entered contemporaneously herewith in conformity with Bankruptcy Rule 9021.