Matter of Itria Ventures, LLC v Champion Painting Specialty Servs. Corp.

2026 NY Slip Op 01963

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Itria Ventures, LLC, appellant,

v

Champion Painting Specialty Services Corp., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-04472, (Index No. 613430/22)

Colleen D. Duffy, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Janice A. Taylor, JJ.

Seidman & Pincus, LLC, Mineola, NY (Andrew Pincus, Mitchell B. Seidman, and Jennifer Manheim of counsel), for appellant.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 52 to compel the turnover of property, the petitioner appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated April 3, 2024. The order, insofar as appealed from, denied the petition.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the petition is granted.

In July 2022, the petitioner, Itria Ventures, LLC (hereinafter Itria), commenced this turnover proceeding against the respondent, Champion Painting Specialty Services Corp. (hereinafter Champion), pursuant to CPLR 5225(b), among other things, to direct Champion to turnover to Itria a certain receivable that Champion owed to nonparty SRI Construction, LLC (hereinafter SRI), a judgment debtor of Itria. Itria alleged, inter alia, that it had obtained a judgment against SRI and that Champion owed SRI a certain sum in the form of an account receivable. In an order dated April 3, 2024, the Supreme Court, among other things, denied the petition. Itria appeals.

"A special proceeding for turnover is the procedural device provided by article 52 for enforcement of a judgment against an asset of the judgment debtor in the possession or custody of a third person; such a third person is known as a garnishee" (JPMorgan Chase Bank, N.A. v Motorola, Inc., 47 AD3d 293, 301; see Taunton Metals of Fla., Inc. v Solutions in Stainless, Inc., 234 AD3d 726, 728). Where, as here, the asset held by the garnishee is a "debt" owed to the judgment debtor, a proceeding pursuant to CPLR 5227 is the proper procedural device to enforce the underlying judgment (see id.; Vanderbilt Credit Corp. v Chase Manhattan Bank, 100 AD2d 544, 545).

To maintain a proceeding pursuant to CPLR 5227, the judgment creditor must demonstrate that the garnishee "is or will become indebted to the judgment debtor" (id.). Upon making such a showing, the court "may require such person to pay to the judgment creditor the debt upon maturity . . . or it may direct that a judgment be entered against such person in favor of the judgment creditor" (id.).

Although Itria should have commenced this proceeding pursuant to CPLR 5227 rather [*2]than CPLR 5525 since it seeks the turnover of a debt owed by Champion to SRI, the error is not fatal (see id. § 103[c]; JPMorgan Chase Bank, N.A. v Motorola, Inc., 47 AD3d at 303).

Indeed, the Supreme Court should have granted the petition (see Matter of Terio v Title Ins. Co. of Minn., 234 AD2d 305; Allied Plywood Corp. v G.S.W. Mfg., 157 AD2d 637). Itria submitted evidence which established that SRI was a judgment debtor of Itria, as well as an affidavit of the president of Champion acknowledging that Champion owed a debt to SRI (see CPLR 5227; see e.g. Gesualdo v Rosales Oil Co., Inc., 233 AD3d 755, 757). Contrary to the determination of the court, the opposition submitted by nonparty Timothy Coffee, who purported to be a judgment creditor of SRI, failed to raise a triable issue of fact in opposition to Itria's showing (see CPLR 409[b]; Matter of Friends World Coll. v Nicklin, 249 AD2d 393, 394).

Since Itria's submissions were sufficient to establish that SRI was its judgment debtor and that Champion owed a debt to SRI, the Supreme Court should have granted the petition pursuant to CPLR 5227.

Itria's remaining contentions either are without merit or need not be addressed in light of our determination.

DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court