◼ PRISCILLA MILLER, Respondent, v PETER MILLER, Appellant. [715 NYS2d 70] —In an action to set aside a transfer of an automobile as fraudulent, the defendant appeals from a judgment of the Supreme Court, Nassau County (Adams, J.), entered July 22, 1999, which, after a nonjury trial, *inter alia,* set aside the transfer and awarded the plaintiff the subject automobile.

Ordered that the judgment is affirmed, with costs.

The plaintiff and the defendant were divorced in 1983. As part of their divorce settlement, the defendant received a 1964 Corvette automobile, and the plaintiff was awarded child support for the parties' children. The defendant failed to make any child support payments after 1988.

In 1995, the plaintiff hired an attorney to help her collect arrears in child support. By letters dated March 7, 1995, and April 10, 1995, respectively, the plaintiff's attorney demanded that the defendant pay the arrears. On May 1, 1995, the defendant transferred the automobile to his current wife, Rosalie Miller.

In or about 1996 the plaintiff obtained a judgment against the defendant in the sum of $35,364 for arrears of child support. Thereafter, she commenced the instant action against the defendant to set aside the transfer of the automobile to Rosalie Miller as a fraudulent conveyance.

To set aside a conveyance as fraudulent pursuant to Debtor and Creditor Law § 276, a plaintiff need only show that the transfer was made with an intent to hinder, delay, or defraud him or her (see, *Grumman Aerospace Corp. v Rice,* 199 AD2d 365, 366). In the instant case, the defendant's fraudulent intent was readily inferable from the circumstances of the transfer (see, *Grumman Aerospace Corp. v Rice, supra,* at 367).

The defendant's remaining contention is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.