■ FRANCES RAGUSA, Appellant, v PHILIP RAGUSA, Respondent. [812 NYS2d 898]—

In a matrimonial action in which the parties were divorced by judgment dated December 5, 1977, the plaintiff former wife ap-

peals from an order of the Supreme Court, Kings County (Barros, J.), dated March 16, 2005, which denied her motion, in effect, to disaffirm the report of a Judicial Hearing Officer (Marks, J.H.O.), dated November 17, 2004, recommending, in effect, the denial of her motion to set aside a transfer of real property, and granted the defendant former husband's motion to confirm the report.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly confirmed the report of the Judicial Hearing Officer, recommending that the motion to set aside the defendant's transfer of his interest in certain real property located in Brooklyn be, in effect, denied. The plaintiff failed sufficiently to allege or demonstrate the elements required under Debtor and Creditor Law §§ 273-a and 276 (*see Matter of Mega Personal Lines, Inc. v Halton*, 9 AD3d 553, 555 [2004]; *Farkas v D'Oca*, 305 AD2d 237 [2003]; *cf. Dempster v Overview Equities*, 4 AD3d 495, 497 [2004]; *Petersen v Valenzano*, 285 AD2d 635, 636 [2001]; *Miller v Miller*, 276 AD2d 758 [2000]; *Neshewat v Salem*, 365 F Supp 2d 508, 518-519 [2005]). Nor was the plaintiff's proof sufficient, in any event, to establish the existence of child support arrears (*see Miller v Miller*, 18 AD3d 629, 630 [2005]). Crane, J.P., Mastro, Skelos and Lifson, JJ., concur.