15-1314-cv(L)
Securities and Exchange Commission v. Smith, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of April, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                      *Circuit Judges*.
_____

SECURITIES AND EXCHANGE COMMISSION,

                              *Plaintiff-Appellee*,

             v.                              Nos. 15-1314-cv(L);
                                             15-1317-cv(con); 15-1354-cv (con)

DAVID L. SMITH, LYNN A. SMITH, RELIEF
DEFENDANT, GEOFFREY R. SMITH,
TRUSTEE OF THE DAVID L. AND LYNN A. SMITH
IRREVOCABLE TRUST U/A 8/04/04, LAUREN T. SMITH,

                      *Defendants- Appellants*.[1]
_____

Appearing for Appellant David Smith:     Lauren Owens, Dreyer Boyajian LLP (William J.
                                         Dreyer, *on the brief*), Albany, NY.

---

[1] The Clerk of the Court is respectfully directed to amend the caption as above.

Appearing for Appellant Lynn Smith:    James D. Featherstonhaugh, Featherstonhaugh, Wiley & Clyne (Jonathan McCardle, *on the brief*), Albany, NY.

Appearing for Appellants Geoffrey R. Smith, Trustee of the David L. and Lynn A. Smith Irrevocable Trust U/A 8/04/04, Lauren T. Smith:    James D. Linnan, Linnan & Fallon, LLP, Albany, NY.

Appearing for Appellee:    Susan S. McDonald, Senior Litigation Counsel, Securities and Exchange Commission (Anne K. Small, General Counsel, Michael A. Conley, Solicitor, Christopher Paik, Special Counsel Jacob H. Stillman, Senior Advisor to the Solicitor, , *on the brief*), Washington, D.C.

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

This is an appeal from the memorandum-decision and order of the United States District Court for the Northern District of New York (Sharpe, *J.*) in a civil enforcement action brought by the Securities and Exchange Commission against David Smith and Timothy McGinn and various entities owned and controlled by the two. *See S.E.C. v. McGinn, Smith & Co.*, 98 F. Supp. 3d 506 (N.D.N.Y. 2015). In this appeal, relief defendant Lynn Smith challenges the district court's order to disgorge the assets of a stock account held in her name. David Smith appeals from the district court's disgorgement order entered jointly and severally against himself and McGinn. Finally, Geoffrey R. Smith, as trustee of the David L. and Lynn A. Smith Irrevocable Trust U/A 8/04/04, and Lauren T. Smith (together, "the Smith Trust") contest the district court's order declaring certain transfers fraudulent conveyances and requiring their disgorgement. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I.    Lynn Smith.

Lynn Smith challenges the district court's (1) conclusion that David Smith was a joint owner of a stock account held in her name ("the Stock Account") and (2) ordering her to disgorge the entire value of the Stock Account, rather than simply half the account. In determining whether a defendant and relief defendant jointly own an asset, courts focus on "the element of control [implicating] . . . the concept of equitable ownership." *In re Vebeliunas*, 332 F.3d 85, 92 (2d Cir. 2003). Equitable ownership is established when "an individual . . . exercise[s] considerable authority over [the assets] . . . acting as though [the] assets [are] his alone to manage and distribute." *Id.* (alterations in original) (internal quotation marks omitted).

2

Here, the S.E.C. met its burden by submitting evidence that demonstrated the Stock Account received assets from both Lynn Smith and David Smith, evidence that David Smith traded in the Stock Account without Lynn Smith's consent, and evidence that David Smith benefited from the Stock Account by using funds from the Stock Account to pay for expenses such as golf club dues and car payments. Even assuming arguendo Lynn Smith can raise a question of fact as to several of the district court's conclusions, such as the date the Stock Account was opened, she cannot raise a question of material fact that would allow a factfinder to conclude David Smith was not a joint or equitable owner of the Stock Account.

In the alternative, Lynn Smith argues that even if David Smith was a joint owner of the Stock Account, the district court erred in applying all of the assets in the Stock Account to satisfy the final judgment. Lynn Smith did not raise this issue below until after the summary judgment motion was decided and the parties were negotiating the language of the proposed final judgment, and thus arguably waived her right to raise the issue on appeal. *Anderson Group, LLC v. City of Saratoga Springs*, 805 F.3d 34, 50 (2d Cir. 2015) ("It is well settled that arguments not presented to the district court are considered waived and generally will not be considered for the first time on appeal."). Even assuming the argument was not waived below, we reject it, as Lynn Smith's argument is unavailing. *See JRP Old Riverhead, Ltd. v. Hudson Sav. Bank*, 965 N.Y.S.2d 176, 177 (2d Dep't 2013) ("The opening of a joint bank account creates a rebuttable presumption that each named tenant is possessed of the whole of the account so as to make the account vulnerable to levy of a money judgment by the judgment creditor of one of the joint tenants.") (alteration and internal quotation marks omitted). Lynn Smith points to no evidence in the record that might rebut the presumption.

## II.    David Smith.

The district court ordered David Smith, jointly and severally with McGinn, to disgorge the amount obtained from investors, minus the amount returned to investors via interest and other payments, in the amount of $87,433,218. *McGinn, Smith*, 98 F. Supp. 3d at 519-21. David Smith challenges the disgorgement award on the grounds that (1) the disgorgement in the civil case must take into account the expenses of operating the illegal scheme, such that David could only be ordered to disgorge an amount that equaled his net profit; and (2) collateral estoppel limits the disgorgement amount in the civil action to the amount awarded in restitution in the criminal action. Both arguments are unavailing.

"The primary purpose of disgorgement as a remedy for violation of the securities laws is to deprive violators of their ill-gotten gains, thereby effectuating the deterrence objectives of those laws." *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1474 (2d Cir. 1996). David Smith argues that the district court was required to reduce the disgorgement award to reflect legal and legitimate fees associated with running the scheme, which would more accurately reflect his illicit gain. He did not raise this argument below, and we deem it waived.

His collateral estoppel argument is equally unpersuasive. First, the restitution in the criminal cases was limited to the time period addressed in the criminal case, from 2006 to 2009. Here, in the civil enforcement action, the SEC alleged and proved violations from 2003 to 2009, and based on that alone it would be inappropriate to use collateral estoppel to calculate damages

in the civil enforcement action. Finally, disgorgement and restitution are separate remedies with separate goals, and need not be treated the same. *See S.E.C. v. Drexel Burnham Lambert, Inc.*, 956 F. Supp. 503, 507 (S.D.N.Y. 1997) ("[R]estitution aims to make the damaged persons whole, while disgorgement aims to deprive the wrongdoer of ill-gotten gains.").

### III. The Smith Trust.

The Smith Trust challenges the district court's finding that David and Lynn Smith were equitable owners of the trust, enabling the court to pierce the Trust's veil. The Smith Trust was created in 2004 by Lynn and David Smith, who funded the trust by transferring roughly $4.5 million worth of the stock to the Smith Trust in exchange for an annuity agreement (the "Annuity Agreement.") The Annuity Agreement provided that starting in September 2015, Lynn and David Smith were to receive roughly $490,000 a year in payments, to continue until their deaths. "It is irrelevant that in creating the discretionary trust for her benefit the settlor did not intend to defraud her creditors or was solvent at the time of the creation of the trust." *Vanderbilt Credit Corp. v. Chase Manhattan Bank, NA*, 473 N.Y.S.2d 242, 246 (2d Dep't 1984). "It is against public policy to permit the settlor beneficiary to tie up her own property in such a way that she can still enjoy it but can prevent her creditors from reaching it." *Id.* As in *Vanderbilt*, the Smiths took their assets, placed in them in the Smith Trust, and then arranged to enjoy the benefits of those assets. The district court did not err in its analysis.

The Smith Trust also challenges the district court's finding that certain transfers made from the trust were fraudulent: (1) the July 12, 2010 transfer to Geoffrey Smith in the amount of $96,500; (2) the July 12, 2010 transfers to Lauren Smith in the total amount of $83,000; and (3) the July 16, 2010 transfer to Geoffrey Smith in the amount of $200,000. New York's Debtor and Creditor Law § 276 provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." A creditor must show "intent to defraud on the part of the transferor" to prevail on a Section 276 claim. *Sharp Int'l Corp. v. State Street Bank & Trust Co.*, 403 F.3d 43, 56 (2d Cir. 2005 internal quotation marks omitted). "Actual intent is difficult to establish through direct evidence and therefore, the relevant intent may be inferred from the facts and circumstances surrounding the transfer." *In re Cassandra Group*, 312 B.R. 491, 497 (B.R. S.D.N.Y. 2004). "Due to the difficulty of proving actual intent to hinder, delay, or defraud creditors, the pleader is allowed to rely on badges of fraud to support his case, i.e., circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent." *Sharp*, 403 F.3d at 56 (internal quotation omitted).

Here, the district court noted that the timing of the transfers "could not be more suspicious," given that nearly a million dollars was transferred out of the Trust within two weeks of the freeze being lifted (with no previous transfers to the children) and that the bulk of the transfers were used to purchase the family's vacation home from Lynn Smith. *McGinn, Smith*, 98 F. Supp. 3d at 527. As the district court concluded, these were sufficient badges of fraud to indicate the transfers were fraudulent conveyances. *See, e.g.*, *Miller v. Miller*,715 N.Y.S.2d 70,

4

71 (2d Dep't 2000) ("[T]he defendant's fraudulent intent was readily inferable from the circumstances of the transfer.").

We have considered the remainder of the arguments by David Smith, Lynn Smith, and the Smith Trust and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk