22-746-cv
*United States Securities and Exchange Commission v. David L. Smith*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April. two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> *Circuit Judges*.

---

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

> *Plaintiff-Appellee*,

v.                                                            22-746-cv

DAVID L. SMITH,

> *Defendant-Appellant*.[*]

---

For Plaintiff-Appellee:          ARCHITH RAMKUMAR, Attorney (Dan M. Berkovitz, General Counsel, Michael A. Conley, Solicitor, Daniel Staroselsky, Senior Appellate Counsel, *on the brief*), United States Securities and Exchange Commission, Washington, D.C.

---

[*] The Clerk is respectfully directed to amend the caption as above.

For Defendant-Appellant:    JUSTIN S. WEDDLE (Brian Witthuhn, *on the briefs*), Weddle Law PLLC, New York, N.Y.; Alex Lipman, *on the briefs*, Lipman Law PLLC, New York, N.Y.

Appeal from a judgment of the U.S. District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant David L. Smith ("Smith") appeals from a February 10, 2022, final order of the U.S. District Court for the Northern District of New York (Sharpe, *J.*) denying his motion pursuant to Federal Rule of Civil Procedure 60(b)(4) for relief from a 2015 disgorgement order, which this Court upheld on appeal in 2016. *See S.E.C. v. Smith*, 646 F. App'x 42 (2d Cir. 2016) (summary order). The district court entered the disgorgement order jointly and severally against Smith and his co-defendant Timothy McGinn ("McGinn"), as part of a civil enforcement action brought by Plaintiff-Appellee the Securities and Exchange Commission. For the reasons set forth below, we affirm the district court's February 10, 2022 order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*      \*      \*

In 2015, the district court ordered Smith, jointly and severally with McGinn, to disgorge the amount obtained from investors, minus the amount returned to investors via interest and other payments, for a total of $87,433,218. *S.E.C. v. McGinn, Smith & Co.*, 98 F. Supp. 3d 506, 519–21 (N.D.N.Y. 2015). In our 2016 decision, we affirmed the disgorgement award, finding (1) that Smith had waived the argument that disgorgement in the civil case must take into account the expenses of operating the illegal scheme, such that Smith could only be ordered to disgorge an amount that equaled his net profit; and (2) that collateral estoppel did not limit the disgorgement

2

amount in the civil action to the amount awarded in restitution in the criminal action. *Smith*, 646 F. App'x at 44. On June 3, 2021, Smith moved pursuant to Federal Rule of Civil Procedure 60(b)(4) for relief from the disgorgement order. He argues that the order was "void" under that rule because it exceeded the limits of equitable relief and was an unauthorized penalty.

"We review *de novo* a district court's denial of a Rule 60(b)(4) motion." *S.E.C. v. Romeril*, 15 F.4th 166, 170–71 (2d Cir. 2021) (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011)). Rule 60(b)(4) provides that a "court may relieve a party . . . from a final judgment" when "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* "Rule 60(b)(4) applies only in two situations: 'where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" *Romeril*, 15 F.4th at 171 (quoting *Espinosa*, 559 U.S. at 271).

Relief is not available to Smith under Rule 60(b)(4) because he has not alleged that the judgment is "void" within the meaning of the rule. Our settled precedent in *Romeril* makes clear that "[a] judgment is not void . . . simply because it is or may have been erroneous." 15 F.4th at 171 (quoting *Espinosa*, 559 U.S. at 270).

Smith has failed to allege a jurisdictional error or a due process violation that would render the judgment void within the meaning of Rule 60(b)(4). A judgment is void under Rule 60(b)(4) for lack of jurisdiction "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties." *Grace v. Bank Leumi Tr. Co.*, 443 F.3d 180, 193 (2d Cir. 2006) (citation

omitted).  Smith does not dispute the existence of subject matter jurisdiction or personal jurisdiction.

In addition, Smith's theory of a due process violation premised on an alleged separation of powers issue is unavailing.   "The due process right implicated by Rule 60(b)(4) is the right to 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Romeril*, 15 F.4th at 174 (quoting *Espinosa*, 559 U.S. at 272) (internal quotation marks omitted).   "As a general matter, there is no 'denial of due process for purposes of Rule 60(b)(4) if the party seeking relief received actual notice of the proceedings and had a full and fair opportunity to litigate the merits.'"   *Id.* (quoting 12 Moore's Federal Practice Civil § 60.44[4]).   Smith does not dispute that he had actual notice of the proceedings and a full and fair opportunity to litigate the merits, with representation by competent counsel.   Accordingly, the district court correctly found that relief is not available to Smith under Rule 60(b)(4).

\*     \*     \*

We have considered Smith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4